JOHN Y. McADEN *v.* J. BANISTER.

A judgment given by a magistrate in one county cannot be docketed in another, unless previously docketed in the former county; and what is allowed to be docketed in the latter county is, the transcript of judgment as docketed in the former.

Where a docketed judgment is relied upon as authority for an arrest of the person by process of execution thereunder, it is necessary that the *affidavit* and *order of arrest* in the Court of the Magistrate shall be docketed with the judgment. *Aliter*, if such judgment is to be enforced by execution against land only.

Upon an appeal from an order of the Clerk to the Judge, the latter *may* hear any evidence that would have been competent before the former, although in fact not introduced.

In a case where the question before the Clerk (or Judge) of the second county is as to the right to issue process of execution *against the body* of the defendant, it is not competent for him to hear parol evidence, to show that an affidavit and an order of arrest were in fact made before the magistrate in the first county, although the transcript shows none.

The judgment as actually docketed is the only authority for the execution named; the form of the docketed judgment depends upon that of the transcript actually sent.

A judgment may be properly docketed from the original papers before the magistrate, instead of from a transcript of them.

Amendments of the judgment before the magistrate, or of the transcript, can be made only before the tribunal, which gave it, rendered the one, or issued the other.

Where a Sheriff has notice that there is a dispute as to his right to collect from the defendant certain money, and afterwards pays such money to the plaintiff, pending the controversy, *Held* that upon its being decided that such money was improperly collected, the order to return it to the defendant is properly directed against the Sheriff.

MOTION to set aside an execution against the person, heard before *Logan J.* at Spring Term 1869, of the Superior Court of LINCOLN.

The Judgment under which the execution issued had been obtained before a magistrate in Mecklenburg County in October 1868. Without being docketed in that county it was sent to Lincoln county and docketed, from the original papers, there. After an execution against the property of the defendant had been issued from the Clerk's office of Lincoln, and had been returned *nulla bona* &c., the plaintiff's attorney made oath before the Clerk that an affidavit and order of arrest had been made in the proceedings before the magistrate in Mecklenburg county; and thereupon the process in question was issued, and the defendant arrested. There was no docket of an affidavit and order of arrest, nor were such proceedings upon the transcript or the papers.

While the defendant was under arrest, the Sheriff allowed him to go into the Clerk's office and move to set aside the execution. This motion was disallowed. The defendant thereupon paid the amount of the judgment to the Sheriff, who paid it to the plaintiff. The defendant then appealed to the Judge of the district.

His Honor, having heard other affidavits as to the circumstances under which the judgment was taken, reversed the order of the Clerk, and ordered the Sheriff to return the money to the defendant. The plaintiff then appealed to this Court.

*Bragg,* for the appellant.
*Hoke, contra.*

Rodman, J. In this case the defendant moved before the Clerk of the Superior Court of Lincoln county to set aside an execution against his person, issued from the Superior Court, at the instance of the plaintiff.

It is objected to the execution, 1st, That the Clerk of the Superior Court of Lincoln had no jurisdiction to issue it, the judgment having never been lawfully docketed in that county; 2nd, No sufficient cause was shown for issuing it under the Code of Civil Procedure.

The action commenced by warrant issued by a Justice of the Peace for Mecklenburg county, commanding any Constable, &c., of that county "to take the body" of the defendant, &c.

The plaintiff recovered judgment and docketed it, (but not any affidavit or order of arrest,) in the Superior Court of Lincoln, without having first docketed it in the Superior Court of Mecklenburg. If the proceedings before the Justice of the Peace had been in all respects regular, his judgment could not be docketed in any other county than Mecklenburg, without having been first docketed in that county. C. C. P. sec. 503. In that section the words " A certified transtript of such judgment may be filed and docketed in the Superior Court Clerk's office of any other county," &c., evidently refer to the judgment as docketed in the Superior Court of the Justice's county. The Clerk of the Superior Court of every county is supposed to know who are the acting Justices of his own county, as is shown by sec. 509, but not who are the justices of any other county. The docketing in Lincoln being beyond the jurisdiction of the Clerk of that county and void, all his subsequent proceedings were so also. The first objection to the execution is therefore sustained. The Judge was bound to set aside the execution, and inasmuch as the money had been collected from the defendant by an abuse of the process of law, it was equally his duty to have it restored. As the Sheriff had notice that the payment was disputed, he paid it to the plaintiff at his peril. The order of restoration was properly made against the Sheriff.

Here we might stop, but as it is desirable for the more cer-tain administration of the law, that the opinion of the Court shall be expressed on all questions of practice which are pre-sented, we proceed to consider those presented here. Was the Judge right in hearing evidence outside of that contained in the statement of the case made to him by the Clerk of Lin-coln Superior Court?

The application to the Clerk to set aside the execution was under C. C. P. sec. 108. By the subsequent section either party is at liberty to appeal from the decision of the Clerk upon a question either of fact (C. C. P. § 115) or of law, to the Judge of the District. An appeal upon a matter of fact implies the rehearing of the question by the appellate tribunal, if desired. Section 110 shows how that desire may be expres-sed. We think therefore that, on this appeal, the Judge was bound to hear any evidence which would have been competent before the Clerk of the Superior Court. But we are also of opinion that, in this particular case, the Clerk should have received no evidence but such as was of record in his own office, and that the Judge was limited in like manner. Upon the application to the Clerk the whole question was as to the legality of the issuing of the execution. An execution against the person can only issue upon a docketed judgment of a Justice of the Peace, when it is authorized by sec. 260, C. C. P., of which it is unnecessary to say anything as not being in question here, or, when it appears to the Clerk that the defen-dant had been arrested before judgment for one of the causes stated in sec. 512, upon an order of arrest (§ 513) obtained on affidavit (§ 514). It was alleged that such an affidavit had been made, and such an order duly obtained in this case, the record of which had been lost or destroyed; but we are of opinion that the Clerk could receive no parol evidence of such lost record. We do not deny that ordinarily, when a question arises incidentally as to the contents of the record of another Court which is shown to have been destroyed, parol evidence is competent. But sec. 503 requires the Justice of the Peace, "on the demand of a party in whose favor he has rendered judg-

ment, to give him *a transcript* thereof, which may be filed and docketed in the office of the Clerk of the Superior Court of the county where the judgment was rendered." The transcript must be in writing; the Clerk could docket nothing but what appeared in the transcript; and his execution must be based on what appears on his docket and nothing else. It may be asked, was a copy of the affidavit and order of arrest a material part of the Justice's judgment, and therefore required to be docketed with it? We are of opinion that, for the purpose of enabling him to issue a personal execution, they were; for this purpose they materially qualified the judgment, and gave it an effect it otherwise would not have. For the issuing of an execution against the lands of the defendant they are not material parts of the judgment, as for this purpose they neither added to nor impaired it. A Justice's Court, like every other Court, can amend its own records, under which is embraced the power to restore the record when it has been destroyed or lost: this must be done on proper notice to all parties and on proper proof; but no Court has original power to amend the records of another Court, and the only proof which the Clerk of Lincoln could receive of the proceedings of the Justice was his transcript, or the original, which would have been of the same effect as a transcript. In connection with this case, we call the attention of the District Judges to sec. 241, C. C. P., which requires them to make a statement of the facts found by them, and of the conclusions of law, separately: their decision on the facts is final, (§ 115).

PER CURIAM.                                        Judgment affirmed.