ELLEN E. MOORE v. JOHN C. MULLEN.

*Arrest and Bail—Action for Breach of Promise to Marry—Fraud.*

1. The provisions of the Code of Civil Procedure (§ 149, (2) ) authorizing the arrest of the defendant "in an action on a promise to marry" violate the Constitution (Art. I, § 16,) and are void.

2. The breach of a promise to marry is not "a case of fraud."

*(McNeely & Walton* v. *Haynes & Co.,* 76 N. C. 122, cited, distinguished and approved.)

CIVIL ACTION to recover Damages for Breach of Promise to Marry, tried at Spring Term, 1877, of HALIFAX Superior Court, before *Buxton, J.*

At the time this action was instituted, and upon the affidavit and undertaking of the plaintiff, the defendant was arrested and held to bail under the provisions of Bat. Rev. ch. 17, § 149, (2). On the 23rd of October, 1876, the bail surrendered the defendant to the Sheriff and applied for their exonertion which was granted ; and thereupon the defendant filed his petition before the Clerk of said Court, asking that he be discharged under the Insolvent Debtors' Act. Bat. Rev. ch. 60 § 10. The Clerk granted the petition of the defendant, and the plaintiff appealed to the Judge of the Superior Court, who affirmed the decision of the Clerk. From this ruling the plaintiff appealed.

*Messrs. Thos. N. Hill* and *R. B. Peebles,* for plaintiff.
*Messrs. Mullen & Moore* and *Walter Clark,* for defendant.

PEARSON, C. J. "There shall be no imprisonment for debt, except in cases of fraud." Const. Art. I § 16.

"The defendant may be arrested as hereafter prescribed in the following cases," among others, "in an action on a promise to marry." C. C. P. Title IX, ch. 1, § 149, (2).

We are of opinion that this enactment violates the Constitution and is void. It seems to us that a breach of a promise to marry is no more a "case of fraud" than a breach of any other promise; for instance, than a breach of a promise to build a house, or to lease land, or to employ one as a school teacher, and the like. So the Constitution cannot be made to include a breach of a promise to marry without extending it to a breach of any contract whatever, and it is clear that the words "except in cases of fraud" are evidently used in a very restricted sense, such as fraud in procuring a contract to be made, or fraud in attempting to evade performance—as by concealing property, or by attempting to run it out of the State, or by making a fraudulent disposition of it. How far some of the other enactments under the subsections of section 149, may not be liable to the same objection, we are not called upon to say. In *McNeely & Walton* v. *Haynes & Co.*, 76 N. C. 122, Mr. JUSTICE BYNUM in using the words "in a civil action the defendant cannot be arrested unless *he* has been guilty of a fraud in contracting the debt, C. C. P. § 149, (4)" restricts his meaning to the case then in hand by italicizing the word, "*he*;" otherwise it might be negatively an authority for excluding the other subsections. But we know the purpose was to confine it to the case before the Court, as we do in this case, so as to let the other subsections stand on their own construction, except so far as these two cases may furnish analogies.

In consultation on the case of *McNeely & Walton* v. *Haynes & Co.*, *supra*, although it was not cited, we considered the case of —— (New Jersey) in which it is held, that under the Constitution of New Jersey, (which has the same provision as ours, and the like statute including a promise to marry,) the statute was in conformity to the Constitution. But in that case the whole stress is put on the fact that the defendant had by means of the promise to marry seduced the plaintiff, and was attempting to abandon her by fleeing

from the State. In our case there are no such additional circumstances; the complaint sets out a promise to marry; the answer attempts to excuse the defendant by the allegation that after the engagement, on second thought, he was satisfied he was not in a condition to take upon himself the duty of supporting a family. Ours therefore is a case of the breach of a promise to marry and nothing more. Whether in a case attended by seduction and an attempt to flee the State, we would feel at liberty to follow the New Jersey case, is a matter about which we express no opinion, except to say, such base conduct was well calculated to excite sympathy and induce the Judges to bring the case within the meaning of the Constitution, if they were able to convince themselves that such was the true construction, for all would feel that such ought to be, if it is not the law.

It is unnecessary to put a construction on Bat. Rev. ch. 60, § 10, that relates to the discharge of duties under the Insolvent Acts. We hold that the defendant was not liable to arrest in the first instance and the order was improvidently granted.

PER CURIAM. Judgment affirmed.