H. M. HOUSTON & Co. v. JOHN H. WALSH.

*Practice—Arrest and Bail—Execution against the Person—Insolvent Debtor—Issue of Fraud.*

1. An order of arrest issued after final judgment in an action is illegal and void.

2. Where there is no order of arrest before judgment nor any complaint filed averring such facts as would have justified such order, a defendant cannot be arrested after judgment under an execution against the person under C. C. P. § 258.

3. Such execution is irregular if, (1) it does not run in the name of the State and convey its authority to the officer to arrest the defendant, (2) if it is not made returnable to a term of the Court, (3) if it commands the officer " to commit the defendant to jail until he shall pay the judgment &c." instead of " to have the defendant's body before the·Court at its next term."

4. The provisions of § 21, ch. 60, Battle's Revisal (Insolvent Debtor's Act), "that after an issue of fraud or concealment is made up the debtor shall not discharge himself as to the creditors in that issue except by trial and verdict or by consent" only apply to cases where the defendant is in lawful custody and by virtue of an authority competent to order it.

(*McAden* v. *Banister*, 63 N. C. 478 ; *Bryan* v. *Hubbs*, 69 N. C. 423 ; *Finley* v. *Smith*, 4 Dev. 95 ; *Dobbin* v. *Guster*, 4 Ire. 72 ; *Freeman* v. *Lisk*, 8 Ire. 211, cited, commented on and approved.)

MOTION, to vacate an Order of Arrest, heard at Spring Term, 1878, of UNION Superior Court, before *Moore, J.*

The plaintiffs recovered judgment against defendant before a Justice of the Peace for one hundred and eleven dollars and seventy-eight cents, and on the 22d day of December, 1877, caused the same to be docketed in the Superior Court. No formal complaint was filed before the Justice, but the note itself was exhibited instead, as the plaintiffs demand. Execution issued against the property of the defendant and was returned unsatisfied. Whereupon the plaintiff, H. M. Houston, made affidavit before the clerk and therein set out the judgment, execution and the sheriff's return, and alleged on information and belief that the defendant had so disposed of his property as to place it beyond the process of law, and was in various ways attempting to evade payment of his debt, and that he was then about to remove from the State with intent to hinder and delay the plaintiffs in collecting their claim and defeat its

payment. Upon this affidavit the plaintiffs applied for an order of arrest, and it was issued by the clerk in this form :—

"To the sheriff of Union county—Greeting: For the reasons set forth in the foregoing affidavit, you are hereby commanded forthwith to arrest the defendant, John Walsh, and to commit him to the jail of the county until he shall pay the judgment described in the foregoing affidavit, or until he be discharged according to law. Of this order make due return, this the 5th day of February, 1878.

G. W. FLOW, C. S. C."

The plaintiffs having given bond with surety as required by law, the precept was delivered to the sheriff who executed it, and endorsed thereon, '' Executed and defendant in custody," Feb. 7, 1878.       J. W. GRIFFIN, Sheriff.

The defendant thereupon entered into an undertaking with a surety payable to no particular person for his appearance before the Superior Court, and filed his application for his discharge as an insolvent debtor under the provisions of ch. 60, Bat. Rev., and gave notice to the plaintiffs and other creditors. It does not appear from the record whether he was released on giving the undertaking or remained in custody of the sheriff. The plaintiffs in answer to defendant's petition for discharge filed written specifications of fraud. On the 16th day of February the matter came on to be heard before the clerk, upon a motion of the defendant to vacate the order of arrest. The motion was denied and the defendant appealed. On the 27th day of February a motion for discharge as an insolvent debtor was also made before the clerk and refused, and issues of fraud made up and transmitted to the Superior Court. On the hearing before His Honor it was by him adjudged that the order of arrest be vacated and set aside and the defendant discharged, at the same time a motion made by plaintiffs'

counsel to dismiss the appeal was denied, from which ruling the plaintiffs appealed.

*Messrs. Wilson & Son* and *D. A. Covington*, for plaintiffs. *Mr. James F. Payne*, for defendant.

SMITH, C. J. (After stating the case as above.) The correctness of this ruling of the Court presents the only question for us to consider and decide :—

The arrest was illegal. The constitution, Art. I, § 16, declares that "there shall be no imprisonment for debt in this State except in cases of fraud." It is left to the General Assembly to provide by law for arrest and imprisonment in cases of fraud as it may deem proper, and to regulate and to define all proceedings which may be had in relation thereto. This has been done, and the legislation on the subject will be found in the Code of Civil Procedure.

It is enacted (§ 148) that "no person shall be arrested in in a civil action except as prescribed by this act" unless in proceedings for contempt.

The arrest of a defendant is allowed in cases of fraud which are specified in § 149, but the order therefor must proceed from the Court in which the action is brought or from a Judge thereof (§ 150) and these only under restrictions. It may accompany the summons or may issue thereafter, before, but not after final judgment is rendered. Unless the order of arrest is served twenty days before it is docketed it is unavailing and on motion of the defendant may be vacated or set aside. § 153.

In the present case the order was granted and the defendant arrested after the issuing and return of execution against the property of the defendant. It was therefore wholly without the sanction of law and the arrrest was illegal.

But it is suggested that the process directed to the sheriff is not within the purview of those provisions of the Code which apply to preliminary arrest but is an execution against the person of the debtor under § 258.

Difficulties equally great are encountered in this aspect of the case. The only authority for issuing this form of process, in substance the old writ of *capias ad satisfaciendum*, is conferred in § 260, which permits it in actions wherein the defendant might have been arrested and " after the return of an execution against his property unsatisfied in whole or in part." " But no such execution shall issue against the person of a judgment debtor *unless an order of arrest has been served* as is in this act provided, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section one hundred and forty-nine." There are two alternative essential conditions here prescribed, on one of which such process may rightfully issue, and neither is found in the present case. There never was any lawful arrest before judgment, nor was there any complaint averring such facts as would have justified the order. No complaint was filed, and had it been it must have contained a statement of pre-existing facts sufficient under the law and unaided by what may have subsequently occurred. The affidavit on which the plaintiffs obtained the capias sets out mainly if not altogether matters which have since transpired and could not have been embodied in a complaint as the statute requires. Indeed the Code seems to intend this as final process, and to be subsidiary to and in aid of the intermediate arrest, and confines it to cases where the order has been or might have been obtained. The Justice could upon a sufficient affidavit have ordered the arrest, and had this been done, such affidavit and order should have been sent up and docketed with the transcript of the judgment (and no parol evidence could be heard to supply the omission if they were not sent) in order to confer

jurisdiction on the clerk to issue such execution at all. This is decided in *McAden* v. *Banister*, 63 N. C. 478.

There are other objections to the process itself to which we will for a moment advert: 1. It does not run in the name of the State and convey its command and authority to the officer to arrest the defendant. It simply issues from the clerk's office and bears his official signature. 2. It is not made returnable to any term of the Court as directed by the act of 1870 suspending the Code of Civil Procedure. Bat. Rev. ch. 18, § 7. This defect seems to be substantial and unlike that decided in *Bryan* v. *Hubbs*, 69 N. C. 423. 3. The writ does not command the sheriff to have the defendant's body before the Court at its next term as it should have done, but " to commit him to the jail of the county until he shall pay the judgment described in the foregoing affidavit or until he be discharged according to law."

A case not very dissimilar came before the Court in *Finley* v. *Smith*, 4 Dev. 95. There, a writ had been issued to the sheriff commanding him " to arrest the body of Peter Newton and him safely keep until you cause to be made the sum of of sixty one dollars, &c., which, &c., and GASTON, J., says in reference to the writ: "It is a singular species of *distringas* against the body of Newton by reason of which the officer is at all events to squeeze the money out of him and have that money forthcoming at the next Court. In our opinion it is not our well known *capias ad satisfaciendum* but a stranger to our law."

Admitting the want of authority to issue the process and its invalidity, the plaintiffs counsel insists that it is too late to go into that inquiry after issues of fraud have been made up, and that it is expressly so declared in § 21 of ch. 60, Bat. Rev. For this are also cited *Dobbin* v. *Guster*, 4 Ire. 71, and *Freeman* v. *Lisk*, 8 Ire. 211.

The statute does provide that after an issue of fraud or concealment is made up, the debtor shall not discharge him-

self as to the creditors in the issue, except by trial and ver-
dict, or by consent.  But this obviously presupposes the
defendant to be in lawful custody and by virtue of an au-
thority competent to order it.   It was not intended to justify
and prolong an imprisonment, wrong and unwarranted in
its origin, and continued in plain disregard of the mandate
of the constitution and the law.   The cases referred to were
decided respectively in 1843 and 1848, when a creditor had
a legal right to sue out a *capias*, and imprison the judgment
debtor at his election, and the only relief for the latter was
to be procured in giving bond for his appearance at Court,
and then obtaining his discharge as an insolvent debtor.
Mere irregularities in the *capias*, as these cases decide, must
be considered waived when its force was spent, and a new
reversed proceeding is instituted by the defendant himself,
and new issues are to be passed on by a jury.   Yet RUFFIN,
J., delivering the opinion in the earlier case, says:  "The
party might have been relieved from arrest upon a *habeas
corpus*, and we will not say that he might not also have
been relieved even after giving bond if he had appeared
and placed himself again in actual custody, and then moved
the Court to quash the proceedings or discharge him."

There was not then, as there is now a distinct constitu-
tional guaranty of the liberty of the citizen, protecting his
person from arrest at the will of the creditor whose demand
he may be unable to pay, except where he is charged with
fraud, and then in the manner and under the circumstances,
pointed out and regulated by law.   It may well be that
mere irregularities in a process emanating from a Court of
competent jurisdiction, and rightful when in proper form,
should not be allowed to frustrate proceedings consequent
upon its enforcement, and that the defendant should be re-
quired to avail himself of such defence before they have
been entered upon.   But when the process is void and the
imprisonment is entirely unwarranted, it is the duty of the

Court so to declare and correct the wrong and discharge the debtor, notwithstanding he may also be seeking it through the instrumentality of the insolvent law. A prominent feature in our present system of practice, apparent throughout the Code, is to grant relief when a party may be entitled, by a motion in the cause, and not to force him to seek it elsewhere.

No error.

PER CURIAM.                              Judgment affirmed.