D. F. KINNEY v. P. F. LAUGHENOUR.

*Execution against the Person—Arrest—Constitution—Seduction.*

1. It is the duty of the Clerk of the Court, upon the application of the plaintiff, to issue, in proper cases, the execution against the person, under §§442, 447 and 448 (3) of *The Code*.

2. Such execution should command the sheriff to arrest the defendant and commit him to the jail of the county from which it issued, until he shall pay the judgment or be discharged according to law.

3. Section 291 (2) of *The Code*, authorizing the arrest of a person in an action for seduction, is not in conflict with the provision of the Constitution prohibiting imprisonment for debt.

(*Moore* v. *Mullen*, 77 N. C., 327; *Hoover* v. *Palmer*, 80 N. C., 313; *Moore* v. *Green*, 73 N. C., 394; *Long* v. *McLeod*, 88 N. C., 3; *Houston* v. *Walsh*, 79 N. C., 35; and *Peebles* v. *Foote*, 83 N. C., 102; cited and approved).

This was a MOTION upon the return of an execution against the person, heard before *McRae, Judge,* at Spring Term, 1886, of DAVIDSON Superior Court.

In the complaint, the plaintiff alleges the cause of action against the defendant for the seduction of his step-daughter, who was at the time thereof a member of his family and his servant. At the time the summons was issued, the plaintiff

obtained the warrant of arrest, which was duly executed upon the defendant.

In the course of the action he obtained a judgment against the defendant, and thereupon an execution duly issued against his property, which was returned unsatisfied.

Thereafter an execution issued against his person, of which the following is a copy:

## DAVIDSON COUNTY—SUPERIOR COURT.

D. F. Kinney, Plaintiff,  
      Against  
P. F. Laughenour, Defendant. } EXECUTION.

THE STATE OF NORTH CAROLINA,

To the Sheriff of Yadkin County—*Greeting:*

Whereas, judgment was rendered on the 7th day of September, 1885, in an action between D. F. Kinney, as plaintiff, and P. F. Laughenour, as defendant, in favor of said plaintiff, and against the said defendant, for the sum of two hundred dollars as damages, and two hundred and sixty-one and 25-100 dollars as cost, as appears by the judgment roll filed in the office of the clerk of said Court; And whereas, the said judgment was docketed in this county on the 7th day of September, 1885; and the sum of two hundred dollars as damages, and $261.25 as cost. are now due thereon, with interest on two hundred dollars from the 7th day of September, 1885; And whereas, an execution against the property of the said P. F. Laughenour has been duly issued to you and returned unsatisfied:

You are therefore commanded to arrest the said P. F. Laughenour, the defendant herein, and have his body before said Court, at its next term, to be held for the county of Davidson, at the court-house in Lexington, on the 1st Monday

in March, 1886. Herein fail not, and have you then and there this writ.

Issued the 14th day of January, 1886.

C. F. LOWE,
Clerk Superior Court Davidson County.

Under this execution, the sheriff accepted a bond in the sum of six hundred dollars conditional for the appearance of the defendant before the Court in term, "and not depart the same without leave," &c.

At the Spring Term, 1886, of the Court, further proceedings were had. whereof the following is a copy:

"The defendant presents himself in answer to the execution issued against his person, dated 14th day of January, 1886, and in exoneration of his bond given the sheriff of Yadkin county. Plaintiff moves that he be taken in custody and committed to the common jail of Davidson county, to answer the exigency of the writ. The Judge being of the opinion that this execution was not in its form warranted by law, denied the motion at cost of plaintiff, and plaintiff excepts.

"Plaintiff now moves that the Judge order that an execution against the person of defendant issue forthwith. The Judge being of the opinion that it is unnecessary for the plaintiff to apply to the Court in term for the issuance of such process as he may be entitled to under the law, declines to make the order. Plaintiff excepts, and appeals to the Supreme Court."

*Mr. M. H. Pinnix*, for the plaintiff.
No counsel for the defendant.

MERRIMON, J., (after stating the case). The statute (*The Code*, §291, par. 2) provides, that a defendant may be arrested "for seduction," and it has been held, that this provision is

valid, and not in conflict with Art. II., §16, of the Constitu-tion, which provides, that " There shall be no imprisonment for debt, except in cases of fraud." Damages recovered in an action for seduction do not constitute a debt, in the sense implied by this provision. *Moore* v. *Mullen*, 77 N. C., 327; *Hoover* v. *Palmer*, 80 N. C., 313; *Moore* v. *Green*, 73 N. C., 394; *Long* v. *McLeod*, 88 N. C., 3.

· The statute (*The Code*, §442) provides, that there may be execution against the person of the judgment debtor, and §447 prescribes that, " If the action be one in which the de-fendant might have been arrested, an execution against the person of the judgment debtor may be issued to any county within the State, after the return of an execution against his property, unsatisfied in whole or in part. But no execu-tion shall issue against the person of a judgment debtor, unless an order of arrest has been secured, as provided in Title IX., sub-chapter 1, of this chapter, or unless the com-plaint contains a statement of facts showing one or more of the causes of arrest required by §291," cited above.

In this case, it appears that the verified complaint suffi-ciently alleged a cause of action against the defendant for the seduction of the plaintiff's step-daughter, and in addi-tion, there was an affidavit upon which and the complaint, a warrant of arrest issued. Upon the judgment obtained, an execution against the property of the defendant issued, and this was returned unsatisfied. A proper execution against the person of the defendant might therefore have been issued. There had been an order of arrest served upon him, and moreover, the complaint contai̅ ̣d a statement of facts showing a cause of arrest. An e̱ ̣ ̣tion, purporting to be such a one, did issue, but it was in̤ ̣icient. It ought to have commanded the sheriff, or oth ̣ ̣roper officer, as directed by the statute (*The Code*, §448, ̣ ̣ 3), to arrest the defendant, " and commit him to the jail ̣ the county, un-til he shall pay the judgment, or be dis ̣ ̣rged, according

to law," and to make due return of the execution to the Court, and how he had executed the same. It would have been well, also, in connection with the other recitals in the execution, to have made brief reference to the cause of arrest, although, perhaps, this is not essential in such execution. The party thus arrested must be committed to the jail of the county from which the execution issued. *The Code*, §444; *Houston* v. *Walsh*, 79 N. C., 35; *Peebles* v. *Foote*, 83 N. C., 102.

It must be observed, in *Houston* v. *Walsh*, *supra*, that the Chief Justice, in pointing out the defects in the execution referred to in that case, had reference to the statute (Battle's Rev., ch. 18), suspending the Code of Civil Procedure in certain respects, and not to C. C. P., §261, par. 3, which provided just as the statute (*The Code*, §448, par. 3,) now provides.

As the defendant asked the Court to commit him to jail in exoneration of his surety, if the plaintiff had joined in such request, it might have made a proper order so committing him, " until he shall (should) pay the judgment or be discharged, according to law," but the plaintiff did not ask for such an order. The Court, therefore, properly declined to make it.

Nor was it necessary that the Court should order that an execution issue forthwith against the person of the defendant. The facts being as they appear to us, it was the duty of the clerk, upon application of the plaintiff, or his counsel, to issue a proper execution against the person of the defendant, as indicated above, without an order of the Court. Nothing appearing to the contrary, the plaintiff may yet apply for and obtain such execution.

There is no error, and the order appealed from must be affirmed.

No error.                                                  Affirmed.