ADOLPHUS G. MOORE v. GILBERT J. GREEN.

A defendant, who has been brought into Court on criminal process, and dischared from arrest under the same on bail, is not privileged from being arrested on civil process immediately afterwards, during the sitting of the Court and before he leaves the Court room.

An order of arrest in a suit for libel, does not violate section 16 of our Bill of rights, and is legal.

(The case of *Dellinger* v. *Tweed*, 66 N. C. Rep. 206, cited, commented on, and approved.)

This was a MOTION by the defendant, to vacate an order of arrest granted in a CIVIL ACTION brought by plaintiff against defendant for libel, returnable to Spring Term of ALAMANCE Superior Court, and heard before *Kerr, J.*, at Chambers, during the Fall Term, 1874, of the Superior Court of Guilford county.

The defendant first moved his Honor to vacate his order for the arrest, and to discharge him from custody, on the ground that he was privileged from arrest.

The facts as found by his Honor, upon hearing this motion are as follows, to-wit:

On Monday of the Fall Term, 1874, of Guilford Superior Court, his Honor, upon the affidavit of the plaintiff, as prosecutor, issued a bench warrant, commanding the arrest of the defendant, and that he be brought before him at the Court House in Greensboro', on Wednesday of said term, to answer the criminal charge of libel, published in Guilford and also in Alamance counties. On Wednesday, the sheriff of Alamance, in obedience to the order, produced the defendant before his Honor in open Court, for an examination into the charge made against him. The defendant waived an examination as to the facts and submitted to be bound over to Court to answer, &c. His Honor ordered the defendant into the custody of the sheriff of Guilford, until he should enter into a recognizance in the sum of one thousand dollars, with good and sufficient

sureties, conditioned for his appearance at the next term o said Court, and in like manner, for his appearance at the Spring Term, 1875, of Alamance Superior Court.

Before the required recognizances were given, the Court took a recess, and upon the meeting again, the recognizances were given, and the defendant, by order of his Honor, was discharged. At the time, the defendant was in custody, in the bar of the Court.

As soon as the defendant was discharged, the sheriff of Guilford county sat down by him in the bar, and served upon him a summons in this civil action of the plaintiff, and also a copy of the order of arrest therein, made out and signed by the clerk of Guilford Superior Court; and under said warrant of arrest, which had been issued by his Honor, the presiding Judge, the sheriff held the defendant in custody.

The defendant moved to vacate the order of arrest and to be discharged therefrom, continuing in custody until Saturday night, at which time he gave bail. On the ensuing Monday the motion was heard by his Honor, and refused, whereupon the defendant appealed.

*Scott & Caldwell,* and *Merrimon, Fuller & Ashe,* for appellant.

*Gilmer* and *J. T. Morehead,* contra.

RODMAN, J. Two questions of some importance are presented by the record in this case :

1. Was the defendant privileged at the time of his arrest? The authorities which have been found on this point are very few, but they are very respectable and we consider them decisive. They establish a distinction between parties who are attending Court prosecuting civil actions and persons who have been brought into Court on criminal process and have been discharged from arrest under it.

In *Hare* v. *Hyde,* 16 Adol. and Ellis., *et, seq.* 304, (71 E. C.

L. Rep. 373,) the defendant Hyde had been tried for embezzlement and acquitted and discharged. Immediately afterwards and before leaving the Court room, and whilst the Court was still sitting, he was arrested on a *ca. sa.* On the hearing of a motion for his discharge, Lord CAMPBELL, C. J., said : " I am of opinion that the defendant had no privilege in respect of his having been tried and acquitted and ordered to be discharged. He was after that, in the same position as any other of the *circumstantes* in Court. The cases show that an acquitted prisoner has no privilege *redeundo ;* and it follows that while remaining as a spectator, he has no privilege more than any one else." This rule must equally apply to a prisoner not acquitted but discharged from arrest on bail. There may not be any very strong reason for the distinction above stated. That which is suggested is, that parties in civil actions appear in Court voluntarily, and should be encouraged to appear, by immunity from arrest; whereas defendants in criminal actions appear involuntarily, and need not be encouraged. Perhaps another reason may be the probable difficulty of finding persons of the class of those who are most generally arrested for crime. But whatever the reason may be, as the rule is not apparently unreasonable or oppressive, we feel bound to abide by the law as we find it to have been heretofore declared.

In the case cited, as in the case before us, the defendant was arrested during the sitting and in the presence of the Court. It was held that the prisoner was not thereby necessarily entitled to his discharge ; that the Court might, in some cases, order his discharge, and might treat the arrest as a contempt ; but if that Court did not think proper so to treat it, no other Court would do so on the application of the prisoner. See also *Goodwyn* v. *London*, 1 Ad. & El., 378 (28 E. C. Rep., 106.)

2. It is contended that an arrest in an action for a libel, is in violation of section 16, of the Bill of Rights of this State, which says "there shall be no imprisonment for debt in this State, except in cases of fraud." The argument is this. The

moment a judgment shall be obtained, the claim for damages is converted into a debt; the person of the defendant is thereupon liberated, and his bail discharged. For what purpose then require bail, who are to be discharged at the first moment when their liability can be of any value? It is an oppression to the defendant and of no possible benefit to the plaintiff. *Dellinger* v. *Tweed*, 66 N. C. Rep., 206, is cited as the authority for the proposition that the claim for damages is converted into a debt within the meaning of the Constitution, by the recovery of judgment. Undoubtedly, for some purpose, it is. An action of debt may be maintained on it, and a *fi. fa.* may issue on it. But to construe the above cited clause of the Bill of Rights, as forbidding imprisonment for any cause of action which, by judgment would become a debt, would make its prohibition extend to all cases, as every cause of action becomes a debt in one sense when a judgment is recovered on it. Chitty, in his standard book on Pleading, divides all actions into two great classes: those which arise *ex contractu*, and those which arise *ex delicto*. No doubt the framers of the Constitution had this familiar classification in mind, and in forbidding imprisonment for debt, they referred rather to the cause of action as being *ex contractu*, than to the form it would assume upon a judgment. If they had meant to forbid imprisonment in every civil action, they would have said so. But by forbidding it for *debt*, they plainly imply that it may be allowed in actions, which are not for debt. In forbidding imprisonment for debt, as popularly understood, viz: for a cause of action arising *ex contractu*, they responded to the general public sentiment; but I know of no writer on the reform of law, who has recommended the abolition of punishment for trespassers and wrong doers. Such a provision might be humane to the injuring, but it would not be so to the injured parties. It would withdraw from the State its power to impose a wholesome check on violence and wrong, and would tend to license disorders and law-breakings incompatible with the peace and welfare of society.

*Dellinger* v. *Tweed,* has no application to the present case. It is confined to a construction of the article of the Constitution respecting homesteads.

There is no error in the judgment below.

PER CURIAM.                                    Judgment affirmed.