Harris *vs.* Bridges.

BYRD HARRIS, plaintiff in error, *vs.* THEODORE C. BRIDGES, jailor, defendant in error.

1. Imprisonment under bail process, issued in an action of trover for personalty, is not in violation of the provision of the constitution of 1868, which declares that "there shall be no imprisonment for debt."

2. Proof by the defendant of his inability to produce the property sued for, on the return of a writ of *habeas corpus*, issued at his instance, would not authorize his discharge.

Constitutional law. Trover. Bail. *Habeas corpus.* Before Judge GOULD. City Court of Augusta. At Chambers. February 8th, 1876.

Reported in the decision.

C. H. COHEN, for plaintiff in error.

F. W. CAPERS; E. M. HABERSHAM, by FRANK H. MILLER, for defendant.

WARNER, Chief Justice.

This case came before the court below on a writ of *habeas corpus*, the petitioner therefor alleging that he was illegally detained in the custody of the keeper of the common jail of Richmond county. On the return of the writ, the jailor produced the body of the petitioner, Byrd Harris, and showed as cause for his imprisonment and detention a bail writ and process, in an action of trover for the recovery of personal property, sued out by the plaintiff therein against the said Harris, under the provisions of the 3418th, 3419th and 3420th sections of the Code, and which had been duly served. On the hearing of the motion for the discharge of the petitioner, he offered to prove his inability to produce the articles of personal property for which the action of trover was brought, which the court refused to allow him to do, and remanded the petitioner to jail; whereupon the petitioner excepted.

1. The constitution of 1868 declares that "there shall be no imprisonment for debt." By the law of this state the owner of personalty is entitled to the possession thereof, and any deprivation of such possession is a *tort*, for which an action lies: Code, section 3026. The object of the act of 1821, (the provisions of which are substantially embodied in the Code) as declared by the preamble thereto, was the more effectually to quiet and protect the possession of personal property, and to prevent the taking possession thereof by fraud or violence: Cobb's Digest, 481. The bail required in actions of trover for the recovery of personal property, under the provisions of that statute, and the proceedings authorized by it, cannot, in any legal sense, be considered as an imprisonment for debt. If one man obtains the possession of the personal property of another by fraud or violence, or having possession of it, and there is reason to apprehend that it will be eloigned or moved away, or will not be forthcoming to answer the judgment that may be made in the case, there would seem to be no good reason why he should not be proceeded against, and be required to comply with the terms of the statute made and provided for such cases; and if the defendant should be imprisoned, in accordance with the terms of the statute, on his failure to comply therewith, he cannot be said to have been imprisoned for *debt*. The theory of the statute is to prevent the taking possession of personal property by fraud or violence, and thereby prevent the true owner thereof from recovering it, and also to prevent a breach of the peace in attempting to do so, by requiring the defendant to enter into a recognizance, with security, for the forthcoming of the property to answer the judgment in the case, and if the defendant fails to give such security, then it is made the duty of the sheriff, or other lawful officer, to seize the property and deliver it over to the plaintiff, upon his entering into like recognizance, with security; and if the property is not to be found, and cannot be seized by the sheriff, or other lawful officer, the defendant shall be committed to jail, to be kept in safe and close custody, until the said personal property shall

Harris vs. Bridges.

be produced, or until he shall enter into bond, with good security, for the eventual condemnation money. In the case. now before us, the defendant failed to enter into a recognizance, with security, for the forthcoming of the property, as required by the statute, and the property sued for was not to be found, so that it could be seized by the sheriff and delivered over to the plaintiff; and the sheriff, in obedience to the express mandate of the statute, committed the defendant to jail, where the statute declares that he shall be kept in safe and close custody until the personal property sued for shall be produced, or until he shall enter into bond, with good security, for the eventual condemnation money. The defendant not having produced the property, nor offered to enter into bond, with good security, for the eventual condemnation money, the court remanded the defendant to jail.

3. The defendant offered to prove, at the hearing, his inability to produce the property sued for, and the question is, if he had been allowed to do so by the court, whether proof of that fact would have authorized his discharge in view of the provisions of the statute? The *inability* of the defendant to produce the property, is not made by the statute one of the grounds for the defendant's discharge; he may have sold the property and put the money in his pocket, and thus have placed it out of his power to produce it. The production of the property, or entering into bond with good security for the eventual condemnation money, are the only terms prescribed by the statute upon which the court was authorized to discharge the defendant from custody. It is not the business of the courts to make the law, but to enforce the law as it is prescribed by the supreme power of the state, which, in our judgment, the court below has done in this case. The 4023d section of the Code declares that no person shall be discharged, upon the hearing of a writ of *habeas corpus*, where it appears that the detention is authorized by law.

Let the judgment of the court below be affirmed.