DAVID H. GILL v. LUCY S. EDWARDS and others.

*Homestead.*

A homestead cannot be sold under an execution issued upon a judgment rendered in an action *ex delicto*—affirming *Dellinger* v. *Tweed*, 66 N. C., 206.

(*Dellinger* v. *Tweed*, 66 N. C., 206, cited and approved.)

SPECIAL PROCEEDING for partition of land, commenced before the clerk and transferred to and tried at July Special Term, 1882, of VANCE Superior Court, before *Graves, J.*

The plaintiff in his complaint alleges that defendants Lucy S. Edwards, Mary L. B. Edwards and Elizabeth P. Edwards were tenants in common and owners in fee simple of the tract of land described in the petition for partition; that L. A. Paschall, administrator of one Martha Edwards, deceased, instituted a suit in the superior court of Granville

county against the said Mary Edwards and Elizabeth Edwards, for the conversion to their own use of a promissory note belonging to his intestate, in which he recovered judgment against them, and execution issuing thereon was levied on the undivided interest of the said Mary and Elizabeth in said land by the sheriff of Granville county, who made sale of the same for cash, and the plaintiff became the last and highest bidder, and received a deed from the sheriff for the interest of the defendants in the execution, and thereby became entitled to two undivided thirds of said land as tenants in common with said Lucy S. Edwards; and prayed that commissioners might be appointed to make partition of the land between him and Lucy S. Edwards according to their respective rights, &c.

The defendants, Mary and Elizabeth, in their answer as matter of defence state, that the sheriff levied on and sold their said interest in the land described in the petition, without laying off any homestead to them or either of them, and that said sale was void by reason thereof, and plaintiff acquired no title.

The facts set forth in the pleadings being admitted, there were no issues to be submitted to a jury. But the plaintiff's counsel insisted that, inasmuch as the judgment for the satisfaction of which said interests were sold, was for damages for a tort and not for debt, no part of said interests was exempt from sale under execution to satisfy the same, and that said Mary and Elizabeth were not, nor was either of them entitled to any homestead exemption against said judgment and execution.

The defendant's counsel on the other hand contended, that they were entitled to homesteads against the judgment and execution, notwithstanding the judgment was for damages for a tort, and that said interests being admitted by plaintiff to have been levied on and sold by the sheriff, with-

out laying off any homestead, the sale was void and the plaintiff acquired no title.

His Honor being of the opinion that both the defendants, Mary and Elizabeth, were entitled to their homesteads in the land in question, notwithstanding the judgment was for damages for a tort and not for a debt, and that the sheriff before levying upon and selling their interests ought to have had their homestead exemptions laid off and allotted to them respectively in the said land, and to have levied on and sold the excess only, and that as he did not do so, the sale and deed from the sheriff was void, and that the plaintiff acquired no title thereby, gave judgment against the plaintiff, from which he appealed.

*Messrs. M. V. Lanier* and *W. H. Young,* for plaintiff.
No counsel for defendants.

ASHE, J. Whatever may be our individual opinions upon this subject, it is now too late to moot the question. The point involved was fully and ably discussed in the case of *Dellinger* v. *Tweed,* 66 N. C., 206, and after the court had twice taken an *advisari,* it was decided that " the homestead and personal property exemption under article ten of the constitution (of 1868) and the laws passed in pursuance thereof, cannot be sold under an execution issued upon a judgment rendered in an action *ex delicto.*" It is true it was a divided court, but the adjudication has been too long acquiesed in now to be disturbed, and acting upon the principle of " *stare decisis* " which has almost uniformly governed the decisions of this court, as at present organized, we feel constrained to adhere to that decision.

There is no error. The judgment of the superior court must be affirmed.

No error.                                        Affirmed.