Z. F. LONG, Sheriff, *v.* JOHN A. McLEAN and another.

*Arrest and Bail.*

The provision of the constitution (Art. I, § 16) prohibiting "imprisonment for debt, except in cases of fraud," has no application to actions for tort; it is confined to causes of action arising *ex contractu.*

(*Moore* v. *Green*, 73 N. C., 394, cited and approved).

Motion to vacate an order of arrest heard at Fall Term, 1881, of Richmond Superior Court, before *Graves, J.*

The action is brought against the defendants, McLean & Leach, partners in trade, and the plaintiff alleges that certain executions were delivered to him, as sheriff, which he levied upon several hundred pounds of seed cotton, as the property of the judgment debtor, and took the same into his possession; that after the levy, the defendants wrongfully and unlawfully took a portion of said cotton and converted it to their use, and that he believes the defendants have disposed of the same, whereby he has sustained a loss of four hundred dollars.

These are the facts set out in the plaintiff's affidavit, and upon which the order of arrest was made.    The motion to vacate the order being refused, the defendant appealed.

*Messrs. J. D. Shaw* and *McNeill & McNeill*, for plaintiff.

*Messrs. Burwell, Walker & Tillett* and *Rowland & McLean*, for defendant.

RUFFIN, J. The summons in this case was served upon the defendant, Leach, alone. The action is for the wrongful conversion of personal property. Accompanying the summons was an order of arrest, under which the defendant was held to bail. At the return term, he moved to vacate the order upon the ground that the affidavit, on which it was based, failed to allege fraud, on the part of the defendant, in taking the goods; and upon his motion being overruled, he appealed to this court.

The fallacy of the defendant's argument is in supposing that the provision of the constitution, which prohibits "imprisonment for debt, except in cases of fraud," has any application to actions for *tort.* In *Moore* v. *Green,* 73 N. C., 394, the whole ground was gone over and thoroughly discussed, and it was solemnly resolved that the prohibition—and indeed the provisions of the entire section—was intended to apply only to causes of action arising *ex contractu.* To give it any other construction, it was said, would be to withdraw a wholesome check on violence and wrong, and would tend to license disorders and law-breaking, incompatible with the peace and welfare of society.

We can add nothing to what is there said, except to call attention to the fact, that similar provisions in the constitutions of other states have received a like construction. *Harris* v. *Bridgers,* 57 Ga., 407; *McCook* v. *State,* 23 Ind., 127; *Lathrop* v. *Singer,* 39 Barb. (N. Y.), 396; *People* v. *Cotten,* 14 Ill., 414.

No error.                                    Affirmed.