THE RAISIN FERTILIZER COMPANY v. T. W. GRUBBS.

*Arrest and Bail—Discharge—Insolvent—Exemptions—
Practice—Appeal.*

1. A defendant held to arrest and bail can be discharged only (1), before trial, by giving bond or making deposit; section 298 of *The Code;* (2), at the trial, by the issue of fraud or allegations of tort being found in his favor; section 316 of *The Code;* (3), after (or before) judgment against him, by payment or giving notice and surrendering all property in excess of fifty dollars; section 2972 of· *The Code.*

2. Where a debtor arrested and imprisoned for fraud did not tender the oath required by sections 2968–2972 of *The Code* to the effect that he had not property of the value of fifty dollars, nor surrender his homestead and personal property exemptions, nor file the petition, nor give the notice required by ch. 27, Vol. II of *The Code*, he was improperly discharged upon an affidavit that he had theretofore made an assignment of all his property for the benefit of creditors and that he was, at the date of the affidavit, insolvent and not worth ·more than the exemptions allowed him by law as set apart to him.

3. Inasmuch as an order vacating an order of arrest is one "affecting a substantial right" an appeal lies therefrom.

PROCEEDINGS in arrest and bail, heard by *Graves, J.*, on appeal from the order of the Clerk of the Superior Court of STOKES County discharging the defendant. His Honor affirmed and approved the order of the Clerk, and the plaintiff appealed.

Defendant was indebted to plaintiff for moneys embezzled, and, upon application of plaintiff, was arrested. Afterwards defendant gave notice of his intention to move for his discharge, and filed an affidavit stating that he had theretofore made an assignment of all his property for the benefit of his creditors, at which time he was, and ever since has been, insolvent, and not worth over the exemptions allowed by law, as set apart to him.

*Messrs. Stack & Bickett*, for plaintiff (appellant).
*Mr. W. W. King*, for defendant.

CLARK, J.: The Constitution, Art. I, sec. 10, provides that there shall be no imprisonment for debt in this State except for fraud. Even in such cases the imprisonment is not perpetual, but the debtor can be discharged upon complying with the terms of ch. 27, Vol. II of *The Code.* One of those terms is taking the oath prescribed in section 2972, that the petitioner has "not the worth of fifty dollars in any worldly substance, in debts, money or otherwise whatsoever." This requires the surrender of homestead and personal property exemption, and, indeed, of all property of every kind in excess of fifty dollars. If this is not done the insolvent imprisoned in an action of fraud *ex contractu* remains in prison. He has his choice. The Legislature permits the fraudulent debtor to be discharged only upon those terms. It lies in the legislative discretion to fix the terms upon which such imprisonment shall end. The statute formerly permitted an imprisoned insolvent to

retain his exemptions, as was held in *State* v. *Davis*, 82 N. C., 610. But upon that decision becoming known, the Legislature immediately at its first session thereafter passed chapter 76, Acts 1881, which deprived an imprisoned insolvent of the right to be discharged unless he should surrender all exemptions above fifty dollars. This act was held constitutional. *State* v. *Williams*, 97 N. C., 414. The petitioner held in arrest and bail can be discharged before judgment in cases in which he could be discharged after judgment. *Burgwyn* v. *Hall*, 108 N. C., 489; *The Code*, §2951. But neither before nor after judgment could the petitioner have been entitled to his discharge as an insolvent under chapter 27, Vol. II of *The Code*, for he has not filed the petition nor given the notice, and especially has not tendered the oath surrendering all exemptions above fifty dollars. Likewise, when the arrest and bail is an action of tort in cases authorized by *The Code*, §291, the defendant can only be discharged without payment, if the issue is found against him, in the mode prescribed by chapter 27. Vol. II. *Long* v. *McLean*, 88 N. C., 3; *Moore* v. *Green*, 73 N. C., 394. The defendant was properly held to arrest and bail under the allegations of the complaint. *Travers* v. *Deaton*, 107 N. C., 500; *Powers* v. *Davenport*, 101 N. C., 286. The question has been sometimes asked, Why hold a party in arrest and bail if, on twenty days' notice after judgment, he can be discharged as an insolvent? The answer is that if there has been fraud *ex contractu*, or if it is an action for such a tort as the statute permits the defendant to be held to arrest and bail, the constitutional protection from imprisment on the non-payment of the judgment does not apply and the Legislature gives the party the privilege of being released without payment only on surrendering " all property whatsoever" above fifty dollars. In *Moore* v. *Green*, *supra*, " the whole ground was gone over and thoroughly

discussed," said RUFFIN, J., in *Long* v. *McLean, supra.*
To the contention that in *Dellinger* v. *Tweed,* 66 N. C., 206,
it had been held (by a bare majority of the Court) that a
homestead exemption was valid against a judgment for a
tort it is sufficiently pointed out that in those cases of tort
in which the party can be taken in arrest and bail, while
the homestead is valid against execution for the judgment,
the defendant can be discharged from execution in the
arrest by complying with the legislative provision which
permits such discharge only upon surrender of "all prop-
erty whatsoever" in excess of fifty dollars. *The Code,*
§2972. A defendant held to arrest and bail can be dis-
charged only:

1. Before trial by giving bond or making deposit. *The
Code,* §298.

2. At the trial by the issue of fraud or allegations of
tort being found in his favor. *The Code,* §316.

3. After judgment against him by payment or giving
notice and surrender of all property in excess of fifty dol-
lars. *The Code,* §2972. This can also be done before judg-
ment.

Without going into the many particulars in which the
defendant has failed to entitle himself to be discharged
under chapter 27 of *The Code* as an insolvent, it is suffi-
cient to point out that he has not filed the petition, nor
given the notice required by that chapter, nor complied
with the requirements of the oath exacted under section
2792; nor has the defendant entitled himself to be dis-
charged upon a motion to vacate the order of arrest under
section 316 of *The Code* as amended by the Acts of 1889,
ch. 497. See Clark's Code, 2d Ed., sec. 316. Of course if
on the trial the allegations which authorized the order of
arrest and bail are found in favor of the defendant. he
would be discharged from the arrest, as he would likewise

be before trial by giving bail or making deposit under section 298 of *The Code.*

The order of arrest was improperly vacated, and an appeal lay, as such order "affected a substantial right claimed." *The Code,* §548.                    Reversed.