UNITED STATES ex rel. DEIMEL v. ARNOLD, United States Marshal.

DEIMEL et al. v. STROHEIM et al.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1895.)

Nos. 221 and 228.

1. PRACTICE—WAIVER OF JURY—REVIEW OF FINDINGS—ILLINOIS STATUTE.
　　The Illinois statute of June 17, 1893 (Laws Ill. 1893, p. 96), providing that no person shall be imprisoned for nonpayment of a fine or judgment except on trial by jury, or after a waiver of a jury in a particular form, does not prevent the trial of a case by a federal judge without a jury

upon an oral stipulation, or a written stipulation in a form different from that provided by the statute; and in such case there can be no review of the facts on writ of error.

2. PROCESS—CAPIAS AD SATISFACIENDUM—POWER OF FEDERAL COURTS.

The power of the federal courts to issue the writ of capias ad satisfaciendum for the enforcement of their judgments is derived from section 14 of the judiciary act of 1789 as re-enacted in Rev. St. § 716, and from the process act of 1789, in connection with early enactments by the state on the subject, and is not affected by the statute of Illinois of June 17, 1893, limiting the right to process against the person.

·Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was an application for a writ of habeas corpus by Rudolph Deimel, alleging himself to be illegally restrained of his liberty by John W. Arnold, United States marshal for the Northern district of Illinois. The circuit court denied the writ. Relator appeals. With this was heard a writ of error sued out by Joseph Deimel and Rudolph Deimel to review a judgment against them in an action for deceit, brought by Julius Stroheim and Salo J. Stroheim.

Hiram T. Gilbert, for appellant.

T. A. Moran, Adolf Kraus, and I. H. Mayer, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. These cases were submitted together. Rudolph Deimel, the relator in the first, and one of the appellants in the second case, applied to the circuit court for the writ of habeas corpus, alleging that he was held in unlawful imprisonment by virtue of a writ of capias ad satisfaciendum issued on a judgment rendered against him by that court on the 23d day of July, 1894, in an action on the case for deceit, wherein Julius Stroheim and Salo J. Stroheim ·were plaintiffs and the relator and another were defendants. It is averred as ground for the application that the judgment was the result of a trial by the court without a jury, and that neither the relator nor his codefendant, "either or both of them, ever executed a formal waiver in writing of a trial by jury" in the cause, and that under the act of June 17, 1893 (Laws Ill. 1893, p. 96), whereby it is provided "that no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, quasi criminal, or qui tam action, except upon conviction by jury; provided, * * * that when such waiver of jury is made, imprisonment may follow judgment of the court without conviction by jury," the writ of capias ad satisfaciendum was unauthorized, and the imprisonment of the relator was illegal. The record of the case shows that on January 9, 1893, the issues having been made up, a stipulation entitled in the cause and signed by the names of attorneys for the plaintiffs and defendants respectively was filed, which reads:

"It is hereby stipulated and agreed by and between the parties that a trial by jury in the above-entitled cause shall be waived, and that the cause shall be submitted to the court for trial to be tried by Judge Grosscup."

The trial, commencing March 28th, was had before Judge Bunn, district judge of the Western district of Wisconsin, who had been designated to hold the court, and his findings of fact, entered of record July 23, 1894, contain the following recital:

"This cause coming on now to be heard before the court without the intervention of a jury, a jury having heretofore been expressly waived by stipulation in writing of all the parties hereto, which said stipulation was heretofore duly filed herein by the attorneys of record for the parties to this suit with the clerk of this court."

And the entry of judgment, made the same day, contains this recital:

"On the stipulation in writing of all the parties hereto heretofore duly filed herein by the attorneys of record for the parties to this suit with the clerk of this court, this cause is submitted to the court for trial without the intervention of a jury."

A bill of exceptions, signed the 23d day of August, and filed September 17, 1894, a copy of which was attached to and made a part of the petition, shows, among other things, that on several occasions after the 1st day of January and before the 28th day of March, 1894, both of the defendants in open court, by their counsel, expressly consented and agreed that the cause might and should be tried before Judge Bunn without a jury, and that with such consent, given in open court by counsel for both parties, the cause had been set peremptorily for hearing before Judge Bunn on March 28, 1894, but on that day, when the case was called, and before entering upon the trial, the defendants, by counsel, in open court "objected to the trial of the cause before Judge Bunn," basing their objection solely and exclusively upon the stipulation of January 9, 1893, already quoted, which was produced and read, and which, the bill states, "was the only stipulation or waiver in writing filed in said cause for the submission of said cause for trial without a jury."

The writ having been granted, issued, and served upon the marshal, that officer made return that he held the petitioner by virtue of the writ of capias ad satisfaciendum aforesaid, a copy of which was set out in the return; and afterwards, the cause having come on to be heard on the motion of the petitioner to be released from imprisonment, the court, upon consideration of the petition, the return of the marshal, and the evidence adduced, consisting of the bill of exceptions set out in the petition, which was admitted over objection, the docket entries of the findings and judgment upon which the writ of capias ad satisfaciendum issued, and a copy of that writ, denied the motion, and ordered the petitioner remanded to the custody of the marshal. These rulings are assigned as error in the first case.

In the other case,—No. 228,—wherein was rendered the judgment on which the writ of capias ad satisfaciendum was issued, it is shown by a bill of exceptions that on November 28, 1894, the defendants moved the court to correct the entry of the judgment as made July 23, 1894, so as to show that the stipulation referred to in the recital waiving a jury was signed, not by the parties, but by their attorneys of record, and in support of this motion, were allowed, over objection, to read the bill of exceptions, the substance of which has already been

stated; and the plaintiffs having offered in evidence the findings of fact signed by the judge, the court overruled the motion. It appears by another bill of exceptions that on the 20th day of December, 1894, both parties being present by attorneys, the defendants moved the court to recall and quash the writ of capias ad satisfaciendum, and in support of the motion, besides showing the issue of the writ, made proof of the arrest thereunder of the defendant, of the proceedings on the application for the writ of habeas corpus, as already detailed, of the appeal taken to this court, and also offered in evidence the bill of exceptions, before mentioned, and, the plaintiffs having put in evidence the judgment entry, the court overruled the motion.

The errors assigned in this case are upon the finding that the jury had been waived by stipulation in writing by the parties, upon the recital to the same effect in the entry of judgment, upon the trying of the cause by Judge Bunn without a jury, and upon the overruling of the motion to correct the entry of judgment.

It has been conceded in argument that there was no error in the mere fact of trial, without a jury, by the judge who presided. That was warranted by the oral consent shown to have been given by counsel in open court,—saying nothing of the written stipulation which was upon file. The other assignments are equally unavailing. If, as contended by counsel for the plaintiff in error, the written waiver of a jury was upon condition that the trial should be before the particular judge named, and the trial before another judge was lawful only because of the oral consent thereto, still there can be no review touching either the finding or the judgment. It has been often so decided. Kearney v. Case, 12 Wall. 275; Madison Co. v. Warren, 106 U. S. 622, 2 Sup. Ct. 86; Bond v. Dustin, 112 U. S. 604, 606, 5 Sup. Ct. 296; Spalding v. Manasse, 131 U. S. 65, 9 Sup. Ct. 649. And where there has been a written waiver of the right to try by jury, it is equally well determined that there can be no inquiry upon writ of error into questions of fact,—the review in such cases being limited to rulings of the court in the progress of the trial and, when there has been a special finding, to the determination of the sufficiency of the facts found to support the judgment. Distilling & Cattle Feeding Co. v. Gottschalk Co, 66 Fed. 609, 13 C. C. A. 618, and cases cited. "The most appropriate evidence of a compliance with the statute is a copy of the stipulation in writing, filed with the clerk. But the existence of the condition upon which a review is allowed is sufficiently shown by a statement in the finding of facts by the court, or in the bill of exceptions, or in the record of the judgment entry, that such a stipulation was made." Bond v. Dustin, 112 U. S. 607, 5 Sup. Ct. 296. The finding being unassailable, it follows that the judgment, which is in strict conformity with the finding, is not open to dispute.

Was reviewable error committed when the court refused to correct the entry in conformity with the facts as stated in the bill of exceptions? The bill of exceptions being in the record, was any correction of the entry necessary? For the purposes of a writ of error, or direct attack upon a judgment, it is not disputed that the statements of a bill of exceptions are to be taken as true, and controlling of in-

consistent recitals of docket entries, which are made by a clerk; but when the attack is collateral, as it is when the validity of a judgment is questioned in an application for the writ of habeas corpus, it is contended by counsel for the appellee, on authorities cited, that "the judgment recitals and findings of the court cannot be questioned" on the strength of a bill of exceptions, or other evidence dehors the record. This point we need not decide. If the rule be as contended, it was no obstacle in the way, but rather constituted a strong reason for granting the motion to correct the entry of judgment, if the proposed correction were a material one. The correction, if necessary, might have extended to the finding of facts, which was spread of record the same day the judgment was rendered. It is not clear that a ruling upon such a motion is reviewable upon writ of error (Boyle v. Zacharie, 6 Pet. 648; McCargo v. Chapman, 20 How. 555; Ex Parte Flippen, 94 U. S. 348); but, however that may be, we are of opinion, on grounds to be stated presently, that the proposed correction, if made, would not have affected the character of the judgment or of the writs by which it might be enforced. While, therefore, the court, during the term at which the judgment was entered, as we think, might well have amended the entry so as to remove all dispute of its correctness, its refusal to do so was harmless.

It remains to consider, in the habeas corpus case, whether the court erred in remanding the appellant to the custody of the marshal. The question recurs whether, in that case, it was competent to show by the bill of exceptions in the other case, in contradiction of the finding of facts and of the recital in the judgment entry, that there had been no formal waiver of the jury executed by the parties. Unless that evidence was admissible, the finding and entry were conclusive that there had been such waiver, and that the imprisonment of the petitioner was not in violation of the statute of which he claimed the benefit. The controlling and more important question, however, is whether that statute of the state of Illinois is applicable to judgments of the courts of the United States, sitting in Illinois. We are of opinion that it is not applicable, and prefer to rest our decision upon that ground, rather than upon a technical view of the admissibility or force of evidence, or upon the other proposition of counsel for the appellee, that the formal waiver required by the statute of the state is one which may be executed by the attorney of the party. A review, in detail, of the various acts of congress authorizing and regulating process out of the courts of the United States is unnecessary here. Section 14 of the judiciary act of 1789 authorized the courts to issue "the writs of scire facias, habeas corpus and all the other writs not specially provided for by statute which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law." In United States Bank v. Halstead, 10 Wheat. 51, 55, it was said:

"That executions are among the writs hereby authorized to be issued cannot admit of a doubt. They are indispensably necessary for the beneficial exercise of the jurisdiction of the courts. * * * The precise limitations and qualifications of this power, under the terms, agreeable to the principles and usages of law, is not, perhaps, so obvious. It doubtless embraces writs sanctioned by the principles and usages of the common law. But it would

be too limited a construction, as it respects writs of execution, to restrict it to such only as were authorized by the common law. It was generally known to congress that there were in use in the state courts writs of execution other than such as were conformable to the usages of the common law. And it is reasonable to conclude that such were intended to be included under the general description of writs agreeable to the principles and usages of law."

It follows that under this provision of the act establishing federal courts, which remains in force as section 716 of the Revised Statutes, those courts had from the beginning the power to issue the writ of capias ad satisfaciendum. That writ is expressly mentioned in the process act, enacted five days after the passage of the judiciary act, and in later legislation on the same subject; and whatever restrictions there may be upon the use of the writ must be found directly or indirectly in the federal statutes. If state legislation has any bearing, it is because congress has so provided. Section 914 of the Revised Statutes, known as the "Conformity Act," even if it had not been declared to be inapplicable to remedies upon judgments (Lamaster v. Keeler, 123 U. S. 376, 8 Sup. Ct. 197), could not be deemed to give effect to this statute of Illinois, because, by section 649 of the Revised Statutes, the stipulation for the waiver of a jury may be filed either by the parties or their attorneys, and the finding of the court upon those facts, whether general or special, it is provided "shall have the same effect as the verdict of a jury." See Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724. It has been suggested that this provision has reference only to the right of appeal, but manifestly that is not so, since that right is given and limited by another section, namely, section 700 of the Revised Statutes. There is nothing to the contrary in Kearney v. Case, 12 Wall. 275, or in Gilman v. Telegraph Co., 91 U. S. 603. Once process has issued, section 914, it has been declared, is applicable to the conduct of the officer in the execution thereof. Wayman v. Southard, 10 Wheat, 1. Section 916 of the Revised Statutes entitles a party recovering a judgment in any common-law cause "to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held," etc.; but that provision, by its terms, is inapplicable to an execution against the body of the debtor. If, however, the writs against person and property be regarded as governed by the same rule, and required to conform in the first instance to local legislation, both have been authorized by the laws of Illinois from the earliest days, and, as issued out of the federal courts, they are not governed or affected by changes in the state law on the subject, unless the changes have been adopted by general rules of those courts. Imprisonment for debt has been forbidden on process issuing from a court of the United States in any state where by the local law imprisonment for debt has been or shall be abolished, and all modifications, conditions, and restrictions upon such imprisonment provided by the laws of any state are made applicable to federal process to be executed therein (Rev. St. § 990); but "imprisonment for debt," as used in this and like statutory or constitutional provisions, means debts arising out of contract, and does not extend to actions for tort, nor to fines or penalties arising from a vio-

lation of the penal laws of the state. It was so held by the supreme court of Illinois in Kennedy v. People, 122 Ill. 649, 13 N. E. 213; and to the same effect are Hanson v. Fowle, 1 Sawy. 497, Fed. Cas. No. 6,041; U. S. v. Walsh, 1 Abb. (U. S.) 66, Fed. Cas. No. 16,635; Ex parte Bergman, 18 Nev. 331, 4 Pac. 209; Harris v. Bridges, 57 Ga. 407; McCool v. State, 23 Ind. 131; Long v. McLean, 88 N. C. 4; Lathrop v Singer, 39 Barb. 396; Cooley, Const. Lim. (4th Ed.) 422 (341).

The appeal in the first case is dismissed, and the judgment in the other case affirmed at the cost of the relator and appellant.