JOHN B. OAKLEY v. CHARLES L. LASATER.

(Filed 27 September, 1916.)

**1. Appeal and Error—Record—Issues—Presumptions—Arrest and Bail—Negligence.**

Where the evidence has not been set out in the record of the case on appeal, it will be deemed that it justifies the issues; and where the jury have found, by their answer to an issue not objected to, that the defendant has negligently injured the plaintiff's mule, it will not be inferred that such was "wrongfully, recklessly and wantonly done, after being forbidden by the plaintiff's agent," so as to sustain an order of arrest against the person of the defendant.

**2. Same—Statutes.**

A judgment that execution issue against the person of the defendant cannot be sustained upon the mere finding that the defendant negligently injured the plaintiff's property, for to justify such execution under our statutes, Revisal, secs. 727 (1), 625, the injury must have been intentionally or maliciously inflicted, *i. e.*, with some element of violence, fraud, or criminality.

**3. Same—Homestead—Exemptions.**

Where arrest and bail is authorized, Revisal, sec. 727 (1), execution against the person of the judgment debtor may be issued, Revisal, sec. 625, and after judgment he cannot be discharged except by payment, or giving notice and surrender of all property in excess of $50, Revisal, secs. 1920, 1918a, and the effect of the execution against the person is to deprive him of his homestead and his personal property exemption over and above $50; which does not contemplate an execution against the person when injury to personal property of the plaintiff has been caused solely by the negligent act of the defendant, or by accident.

APPEAL by defendant from *Lyon, J.,* at March Term, 1916, of CHATHAM.

*H. A. London & Son and Fred W. Bynum for plaintiff.*
*R. H. Hayes for defendant.*

CLARK, C. J. The verdict finds that the defendant "negligently" injured the mule of the plaintiff. The allegation in the complaint is that

the injury was done "wrongfully, recklessly, and wantonly and after being forbidden by the plaintiff's agent." This allegation of the complaint was denied in the answer, and the issue submitted without exception is, "Did the defendant negligently injure the mule of the plaintiff?" There is no evidence sent up in the record. We must take it, therefore, that the evidence justified the issue. The judgment that an order of arrest should "issue against the person of the defendant" should not have been granted and should be reformed by striking out such order.

Revisal, 727 (1), authorizes an arrest and holding to bail, among other cases, "where the action is for an injury to person or character, or for injuring, or for wrongfully taking, detaining, or converting property, real and personal."

Revisal, 625, authorizes an execution against the judgment debtor "if the action be one in which the defendant might have been arrested." In such case the person arrested cannot be discharged after judgment, except "by payment or giving notice and surrender of all property in excess of $50." The Code, sec. 2972 (now Rev., 1920, 1918a); *Fertilizer Co. v. Grubbs,* 114 N. C., 470; *S. v. Williams,* 97 N. C., 415. The effect of an execution against the person, therefore, is to deprive the defendant in the execution entirely of his homestead exemption and of any personal property exemption over and above $50.

In *Dellinger v. Tweed,* 66 N. C., 266, often affirmed since, *Gill v. Edwards,* 87 N. C., 76, and other cases in Anno. Ed., it is held that the homestead and personal property exemption can be asserted against a judgment in an action of tort. We think, therefore, that an execution against the person which would deprive the defendant of his homestead and personal property exemption cannot issue where the judgment is for an injury sustained by negligence or accident, but only when the injury has been inflicted intentionally, or maliciously; that is, there must be some element of violence, fraud, or criminality. This is the true dividing line between those cases which affirm *Dellinger v. Tweed* and those which seem to depart from it. For instance, in *Moore v. Green,* 73 N. C., 394, the defendant was held in an action for libel. In *Long v. McLean,* 88 N. C., 3, the action was for wrongfully taking and converting personal property. In *Kinney v. Laughenour,* 97 N. C., 325, the action was for seduction. In *Burgwyn v. Hall,* 108 N. C., 489, the action was for false arrest. All these and similar cases come under the express provisions of Revisal, 727, and embrace some element of violence, fraud, or criminality. It is otherwise when the "injury to property" is committed negligently or accidentally.

The language of Revisal, 727 (1), authorizing arrest and bail "for injury to property," and consequently an execution against the person, Revisal, 625, applies only where the injury was intentional, not where

it was merely negligent or accidental. We find no case in which a person has been committed to jail by order of the court and held until he is released upon surrender of his homestead and personal property exemption (Rev., 1918a), where the injury was merely accidental or negligent. The context of Revisal, 727 (1), indicates that the injury must have been intentional. If the issue submitted had conformed to the complaint and had been sustained by the verdict, the judgment should have directed execution to issue against the person.

On the issues submitted and found, the court should have signed the judgment tendered by the defendant, which omitted the order for an execution to issue against the person if the judgment was not paid. The judgment rendered should be modified by striking out that provision. The plaintiff will pay the costs of this appeal, as there is error in the particular excepted to by the appeal.

Judgment modified.