WILLIAM COBLE v. J. J. MEDLEY ET AL.

(Filed 21 November, 1923.)

**Execution Against the Person—Assault—Issues—Verdict—Pleadings.**

The complaint in an action for damages alleged that the defendant did "unlawfully, wilfully and maliciously" commit an assault upon the plaintiff, with pistols, to his great hurt and injury, and the verdict of the jury established the fact that the assault was wrongful and unlawful, assessed the damages, excluding recovery of punitive damages: *Held*, upon the return of the execution against the defendant's property un-

satisfied, execution against his person could not be issued in the absence of evidence sustained by the verdict, that the assault was wilful and malicious, and the answer to the first issue, that the assault was wrongful and unlawful as "alleged in the complaint," is insufficient for the purpose.

APPEAL by plaintiff from *Harding, J.,* at chambers, July, 1923, from ANSON.

Civil action to recover damages for an alleged wilful, malicious and negligent assault.

Plaintiff filed his complaint, alleging that the defendants did "unlawfully, wilfully and maliciously commit an assault on the plaintiff with pistols," to his great hurt and injury.

Defendants filed answer, alleging that they were acting within what they honestly believed to be their rights and proper self-defense as officers of the law in attempting to arrest and actually arresting the plaintiff.

To this the plaintiff filed a reply alleging that the defendants were grossly negligent in the discharge of their duties, etc.

Upon the issues thus joined, at the October Term, 1921, the jury returned the following verdict:

"1. Did the defendant wrongfully and unlawfully injure the person of the plaintiff as alleged in the complaint? Answer: 'Yes.'

"2. If so, what damages by way of compensation is the plaintiff entitled to recover: Answer: '$300.'

"3. What punitive damages, if any, is the plaintiff entitled to recover? Answer: .... ....."

Judgment on the verdict in favor of plaintiff. Execution having been issued against the property of the judgment debtors and returned unsatisfied, plaintiff moved before the clerk, on 26 May, 1923, for execution against the person of two of the judgment debtors, to wit, Sid Dabbs and Wade Flake. This motion was disallowed and affirmed on appeal to the judge of the Superior Court at the June Term, 1923. From the order of the Superior Court, disallowing plaintiff's motion, he appeals, assigning same as error.

*W. R. Jones, Sykes & Brown, and A. A. Tarlton for plaintiff.*
*McLendon & Covington for defendants.*

STACY, J. There is but one question presented by this appeal: Is the plaintiff, on the instant record, entitled to execution against the person of two of the judgment debtors? We think not.

In the first place, it will be observed, there is no finding by the jury that the assault was committed wilfully or maliciously, but only wrong-

fully and unlawfully. True, the issue uses the expression, "as alleged in the complaint," and the complaint contains an allegation of wilful and malicious injury, but in the reply this is reduced to an allegation of a grossly negligent injury. It would be highly technical to say the issue did not include the allegation of the reply as well as that of the complaint, simply because it closed with the words "as alleged in the complaint." None of the evidence adduced on the hearing appears in the statement of case on appeal, and hence we cannot say whether the allegation of the complaint, as distinguished from that of the reply, has been sustained. It is not specifically included in the issue submitted to the jury; and their failure to award any punitive damages would seem to negative a finding of malice or wanton disregard of the plaintiff's rights. To warrant an execution against the person of the judgment debtor, after plaintiff has exhausted his remedy against the property of the defendant, where the cause of arrest is set out in the complaint (*Peebles v. Foote,* 83 N. C., 102), the same must be sustained by the evidence and established by the verdict. *Oakley v. Lasater,* 172 N. C., 96; *McKinney v. Patterson,* 174 N. C., 483; *Ledford v. Emerson,* 143 N. C., 527.

In the case of *Huntley v. Hasty,* 132 N. C., 279, chiefly relied on by plaintiff, there was not only a cause of arrest set forth in the complaint, but the jury also awarded exemplary damages, as disclosed by the record on file in the clerk's office, though this fact does not appear in the case as reported.

C. S., 768 (1), authorizes an arrest and holding to bail, among other cases, "where the action is for injury to person or character"; and C. S., 673, authorizes an execution against the person of the judgment debtor "if the action is one in which the defendant might have been arrested." In such case the person arrested may be discharged, after judgment and without payment, only by surrendering all of his property in excess of $50. *Fertilizer Co. v. Grubbs,* 114 N. C., 470. The effect of an execution against the person of the judgment debtor, therefore, is to deprive the defendant in the execution of his homestead exemption and of any personal property exemption over and above $50. C. S., 1631 *et seq.*

In the light of these provisions, the law as applicable to the present case is clearly stated in *Oakley v. Lasater, supra,* as follows:

"In *Dellinger v. Tweed,* 66 N. C., 206, often affirmed since; *Gill v. Edwards,* 87 N. C., 76, and other cases in Anno. Ed., it is held that the homestead and personal property exemption can be asserted against a judgment in an action of tort. We think, therefore, that an execution against the person which would deprive the defendant of his homestead and personal property exemption cannot issue where the judgment is

for an injury sustained by negligence or accident, but only when the injury has been inflicted intentionally, or maliciously; that is, there must be some element of violence, fraud, or criminality. This is the true dividing line between those cases which affirm *Dellinger v. Tweed* and those which seem to depart from it. For instance, in *Moore v. Green,* 73 N. C., 394, the defendant was held in an action for libel. In *Long v. McLean,* 88 N. C., 3, the action was for wrongfully taking and converting personal property. In *Kinney v. Laughenour,* 97 N. C., 325, the action was for seduction. In *Burgwyn v. Hall,* 108 N. C., 489, the action was for false arrest. All these and similar cases come under the express provisions of Revisal, 727 (now C. S., 768), and embrace some element of violence, fraud, or criminality. It is otherwise when the 'injury to property' is committed negligently or accidentally."

Upon the record, plaintiff's motion for execution against the person of the judgment debtor was properly disallowed, as it does not appear from the verdict that the injury was inflicted intentionally or maliciously, or in wanton and reckless disregard of the plaintiff's rights.

Affirmed.