AARON CLAFLIN & CO. v. D. J. UNDERWOOD.

Where a defendant in an action for a debt is arrested and held to bail upon an affidavit charging fraud in concealment of property, which allegation of fraud is denied by the answer; and when judgment is entered, it is in these words: "By consent, judgment for the debt only; issue of fraud not tried:" *Held*, that being in custody under a *capias ad satisfaciendum*, the defendant is entitled to his discharge.

PETITION for a *Habeas Corpus*, heard by his Honor Judge BUXTON, at Chambers, in the County of CUMBERLAND, on the 13th day of August, 1875.

This case was originally brought to the Superior Court of Cumberland, to recover the amount of a promissory note, for which judgment was rendered at January Term, 1875, for the sum of $423.80, with interest on $382 54 from the 25th day of January, 1875.

There had been an order of arrest in the case, granted by the clerk on the 15th November, 1873, upon the ground of fraudulent concealment, suggested by the affidavit of the plaintiff based upon information derived from one M. N Taylor.

The suit commenced 29th October, 1873, and the complaint contained specific allegations of fraud of the same character as that upon which the order of arrest was founded, and which was denied in the defendant's answer. At the Term at which judgment was rendered the following entry appears of record : " By consent, judgment for the debt only ; issue of fraud not tried."

Execution issued on this judgment, returnable to May Term, 1875, endorsed, " Nothing to be found ; " and then an execution issued against the body of the defendant, and he was taken in custody, and files this petition for a *habeas corpus*, praying to be released, &c.

Upon the return of the writ, his Honor being of opinion

CLAFLIN & Co. *v.* UNDERWOOD.

that the liberty of the defendant ought not to be affected by anything which transpired in this suit, as the entry above stated appeared to be a waiver of the charge of fraud, adjudged that the defendant be discharged from imprisonment. From this judgment the plaintiffs appealed.

Other questions were considered, as to the right of appeal, &c., which, it will be seen from the opinion of the Chief Justice, were waived upon the argument in this Court.

*Hinsdale*, for the petitioner.
*Guthrie*, contra.

PEARSON, C. J. The question as to the right of a party in a writ of *habeas corpus* to appeal to this Court, or whether he be not put to a writ of *certiorari*, is expressly waived in this case, as is the question of the right of the plaintiff in cexecution to appeal or have a writ of *certiorari* when the debtor is discharged under *habeas corpus*.

We have the naked point : A defendant in an action for a debt is arrested and held to bail upon an affidavit charging fraud in concealment of property ; the allegation of fraud is denied by the answer, and when judgment is entered it is in these words : " By consent, judgment for the debt only ; issue of fraud not tried."

We concur with his Honor in the conclusion that the defendant could not lawfully be arrested and imprisoned under a writ of *capias ad satisfaciendum*, for the reason that the issue of fraud had not been tried. By the Constitution, no person can be imprisoned for debt except in cases of fraud. No case of fraud had been proved against the petitioner. On the contrary, that question was by consent left open. So there was no authority for the writ of *ca. sa.* No error.

PER CURIAM. Judgment affirmed.