WINGO, ELLIOTT & CRUMP v. WATSON & HOOPER.

*Arrest and Bail—Res Adjudicata—Trial by Jury—Insolvent Debtors.*

1. A motion to vacate an order of arrest, having been once heard and refused, is *res adjudicata*.

2. A party, under arrest in a civil action, moving to vacate the order upon affidavits submitted to the Court, is not entitled to a trial by jury upon the questions of fact raised.

3. If an order of arrest has not been vacated the party in custody may seek his discharge in the manner provided for insolvent debtors. *The Code*, Vol. II, ch. 27.

*(Roulhac* v. *Brown*, 87 N. C., 1: *Pasour* v. *Lineberger*, 90 N. C., 159, and *Claflin* v. *Underwood,* 75 N. C., 485, cited).

CIVIL ACTION, tried before *Montgomery, Judge*, at Fall Term, 1887, of JACKSON Superior Court.

The plaintiffs, in their complaint, allege, in substance, that in March, 1886, they sold and delivered to the defendants goods amounting to the sum of $475.19, which the defendants promised to pay, and that no part of it has been paid.

After the summons was issued, upon an affidavit, charging that defendants had disposed of their property with intent to defraud their creditors, the plaintiffs obtained an order of arrest.

A motion to *vacate* and set aside this order, heard upon affidavits before Avery, Judge, at Fall Term, 1886, was disallowed, from which no appeal was taken.

The defendant Hooper, in answer to the complaint, says, in substance, that he, with the other defendant, J. W. Watson, did purchase goods from one C. E. Lee, who professed to be agent for the plaintiffs' firm, and that payment therefor has not been made.

He then, in his answer, alleges, in substance, that the plaintiffs "have caused an attachment to issue and an order of arrest to be sued out," upon which he has been arrested and held to bail, upon the charge of having concealed and disposed of his property, with intent to defraud, &c.; the said charge is not true, and that by reason of the said false charge he has been restrained of his liberty and his credit broken and impaired, to his damage $2,000, for which he asks judgment, by way of counter-claim.

To so much of the answer as alleged a defence by way of counter-claim the plaintiffs demurred, and upon trial before Montgomery, Judge, at Fall Term, 1887, the demurrer was sustained. There was no exception to the judgment sustaining the demurrer, and no appeal therefrom.

Upon calling the case before Montgomery, Judge, the defendant moved, upon the same affidavits and for the same reasons, as before Judge Avery, to vacate the order of arrest, which was refused, and the defendant excepted. The defendant then asked the Court for an issue to be submitted to the jury upon the allegations in plaintiffs' affidavits and denied in defendant's affidavit, which was also refused, and the defendant excepted. Defendant then consented that plaintiff might take judgment. Appeal by the defendant.

No counsel for the plaintiffs.

*Mr. G. S. Ferguson*, for the defendant.

DAVIS J., (after stating the facts). Two questions are presented for our consideration:

1st. The refusal to vacate the order of arrest; and,

2nd. The refusal to submit the issue of fraud, raised by the allegation in the plaintiffs' affidavits and denied in the defendant's affidavits, to the jury.

Both questions have been judicially settled, adversely to the appellant.

In *Roulhac* v. *Brown*, 87 N. C., 1, it was held, in a case similar to this, that the Judge properly declined to entertain a motion to vacate an order of arrest, when the same motion had been made at the previous term and refused. ASHE, Judge, said: "The decision upon the first motion was made by a Court of competent jurisdiction, upon a substantial right, was reviewable by appeal, but no appeal was taken, and must therefore govern this case as *res adjudicata ;*" and it governs this also. Upon the first question we need only refer to the foregoing case and the authorities there cited.

Upon the second question the case of *Pasour* v. *Lineberger*, 90 N. C., 159, and the authorities there cited, are equally conclusive.

The defendant submitted his motion to the Court upon affidavits, and it was competent for the Court to pass upon and find the facts and allow or refuse the motion, as the facts required. "It is not contemplated that *questions* of fact arising in such matters shall be tried by a jury."

Counsel for the defendant relied upon *Claflin & Co.* v. *Underwood*, 75 N. C., 485.

In that case the complaint contained specific allegations of fraud, which were denied in the defendant's answer, and when the judgment was entered, it was in these words: "By consent, judgment for the debt only; issues of fraud not

tried;" and upon this judgment it was held that the defend-
and was entitled to his discharge from arrest. That is unlike
the case before us. Under the old practice, defendants (with
certain exceptions) were required to give bail for their ap-
pearance to answer, &c., and if unable to give bail, they
could only procure their discharge by filing an accurate
schedule of their property, and, in the language of the times,
" swearing out."

Under *The Code,* we think parties arrested and in custody,
in pursuance of the provisions contained in §290 *et seq.,*
if the order of arrest is not vacated "on motion," must seek
their discharge in the mode prescribed in Chap. 27, §§2942
*et seq.,* of *The Code.* That chapter provides, in detail, the
method by which every insolvent debtor may "be exempt
from arrest or imprisonment, on account of any judgment
previously rendered, or of any debts previously contracted;"
and the suggestion that if the motion to vacate the order of
arrest, when once passed upon and disallowed, is final, the
defendant may be improperly and unjustly deprived of his
liberty, is fully met by the provisions of that chapter, and
" every person taken or charged on any order of arrest for
default of bail, or on surrender of bail, in any action, and
every person taken or charged in execution of arrest for any
debt or damage rendered in any action whatever," may pro-
cure his discharge by a compliance with the requirements
of that chapter.

Affirmed.