BRUCE & COOK et al v. C. W. CRABTREE.

*Practice— Supplemental   Proceedings — Examination   of   Assignee  of  Judgment Debtor—Interlocutory  Order— Appeal.*

1. The assignee of a judgment debtor may be examined in supplementary proceedings to ascertain what sum, if any, remains in his hands due and belonging to the judgment debtor after discharging the trust, and as to his administration of the trust generally.

2. An order for the examination of a person in supplementary proceedings is interlocutory and not final and no appeal lies from it.

Supplementary proceedings, heard before *Brown, J., at Chambers*, on appeal from an order of the Clerk of the Superior Court of Lenoir County, directing the examination of J. L. Hartsfield, assignee of the defendant.

The plaintiffs made affidavit before the Clerk as follows, (after setting out the rendition of judgment in issuing and return unsatisfied of execution, &c.):

"IV. That the said C. W. Crabtree, as this affiant is informed, advised and believes, has property, *choses* in action and other things of value unaffected by any lien and incapable of levy which ought to be subjected to the payment of said judgments but that said defendant has no property which can be reached by execution.

"V. That this affiant is informed and believes that one J. L. Hartsfield, assignee of C. W. Crabtree, has property of the said C. W. Crabtree which exceeds in amount and value ten dollars which should be applied in payment of the judgment."

The Clerk made an order directing the examination of the defendant and J. L. Hartsfield and forbidding the transfer, &c., of any property belonging to the defendant.

On the trial counsel for J. L. Hartsfield, assignee, moved to vacate the order as to said J. L. Hartsfield, assignee, upon the grounds—

I—Of the insufficiency of the affidavit, in that it fails to allege that the said Hartsfield has individually in his hands any property belonging to the judgment debtor, C. W. Crabtree, or that he is indebted to said judgment debtor C. W. Crabtree, in any amount. The allegation in the affidavit being that the said Hartsfield holds the property as assignee of said judgment debtor and there being no allegation in the said affidavit that said judgment debtor has any interest in the said property.

II—That said clerk had no authority to grant said restraining order at *the time* against said Hartsfield, assignee, he not being a party to this action and having no notice of this proceeding.

III—The insufficiency of the affidavit under section 490 of *The Code* of N. C.

IV—That the affidavit fails to allege such facts as would authorize the judgment debtor to demand from the said Hartsfield any property or money.

After hearing the argument of counsel for plaintiffs and Hartsfield, assignee, the motion was allowed and judgment was duly entered vacating and discharging said restraining order as to said assignee.

From said judgment plaintiffs appealed to *Judge Brown*,

116—34

BRUCE *v.* CRABTREE.

*at Chambers*, who reversed the order of the Clerk and Hartsfield appealed.

*Mr. George Rountree*, for plaintiff.

*Mr. J. B. Batchelor*, for J. L. Hartsfield, assignee (appellant).

FURCHES, J.: This is a proceeding supplemental to execution, commenced before the Clerk of Lenoir County, an appeal from his order to *Brown, Judge*, and an appeal by J. L. Hartsfield from the order of *Judge Brown*, which is as follows:

"I am of opinion that under the affidavit filed it is perfectly competent for the plaintiff to examine J. L. Hartsfield in the proceeding to ascertain what sum, if any remains in his hands and what may be due and belonging to C. W. Crabtree, after discharging the trust, and to ascertain that it is competent to examine said Hartsfield concerning his administration of the trust, what he received, what he has paid out and to whom, etc.

"This cause is remanded to the Clerk to proceed with in accordance with this opinion. The cost of the appeal is taxed against the appellees and appellant equally. *Brown, J.*"

We see no error in the order appealed from, nor do we see what right J. L. Hartsfield had to take an appeal, nor do we see what interest he has in this controversy.

But this is not a final judgment, but only an interlocutory order from which no appeal lies. *Clement* v. *Foster*, 99 N. C., 255.

Appeal Dismissed.