CHARLES PREISS et al v. E. COHEN et al.

*Res Judicata—Issues—Arrest and Bail.*

1. Where in the trial of an action, in the nature of a creditor's bill, in which the complaint alleged that the defendant debtor had made a fraudulent assignment to his co-defendant and that the purchases of goods from the plaintiff by the defendant debtor had been made by fraudulent representations, the plaintiff tendered issues as to the *bona fides* of the assignment and also of the several purchases from plaintiffs and only the issue as to the fraudulent assignment was submitted by the Court, which was found in favor of the defendant and plaintiff did not appeal from the refusal of the Court to submit the other issues ; *Held*, that the refusal to submit the issues was an adjudication against the right of the plaintiffs to have the same submitted and, whether erroneous or not, became *res judicata* after the failure of plaintiffs to prosecute an appeal therefrom.

2. In such case the plaintiffs are precluded from having the defendant held to arrest and bail for any fraud alleged in the complaint.

3. The words "before judgment" as used in section 295 mean "final judgment" upon the matters put in issue by the pleadings, and hence, the judgment rendered for the debt simply in an action in which there are allegations of fraud; does not interfere with the rights of the parties in the matters in dispute on the questions of fraud, if properly prosecuted ; hence,

4. Where, in an action in the nature of a creditors' bill alleging that defendant debtor purchased goods from the plaintiffs upon false representations and made a fraudulent assignment to a co-defendant, the Court refused to submit any issue except as to the fraudulent assignment and judgment was rendered on the debt, and plaintiffs did not appeal; *Held*, that if plaintiffs had appealed from the refusal of the Court to submit issues as to the other allegations of fraud and the ruling had been reversed he might, on trial of the issues, have had defendant arrested under section 447 of *The Code*, notwithstanding section 495 of *The Code* provides that an order of arrest must issue "before judgment."

This action was begun December, 1892. At May Term, 1894, of CRAVEN Superior Court, it came on for trial, upon

complaint and answer as filed, before *J. F. Graves, Judge*, and a jury. The following issues were tendered by plaintiffs, declined by the defendants, and overruled by the Judge:

"1. What was the value of the goods set apart to E. Cohen as his personal property exemption?

"2. Was the sale of said goods set apart made with intent to defraud, delay or hinder the creditors of E. Cohen?

"3. Did defendant Sol Cohen have notice of such intent?

"4. Was the deed of assignment by E. Cohen to H. Donnenberg made with intent to hinder, delay or defraud the creditors of E. Cohen or any of the said creditors?

"5. Did the defendant E. Cohen obtain the credit and goods of the Chesapeake Rubber Co., by fraudulent representations as to his financial condition, made to said Chesapeake Rubber Company?

"6. Were the goods and credit obtained from the Weinberg Cloak Company by E. Cohen, by fraudulent representations as to his financial condition made to said Weinberg Cloak Co.?

"7. Were the goods and credit obtained from the Cohen-Adler Shoe Co., by E. Cohen, by fraudulent representations as to his financial condition, made to said Cohen-Adler Shoe Co.?

"8. Were the bills of the Weinberg Cloak Co., and the Cohen-Adler Shoe Co., assigned for a valuable consideration to the plaintiffs, Chesapeake Rubber Company, as alleged?"

The court submitted but one issue—that as to fraudulent intent in making the assignment. Plaintiffs excepted. A mistrial was had, the jury failing to agree.

The case came on again for hearing before *McIver, Judge*, and a jury at the February Term, 1895. Plaintiffs

tendered the same issues. Defendants declined the same, and the court overruled them and submitted the following issue only :

Was the assignment of E. Cohen made with intent to hinder, delay or defraud creditors? to which the jury answered, "No." Plaintiffs excepted to the refusal to submit the issues as tendered. Judgment was entered that all the defendants, except Sol Cohen and E. Cohen, go without day. No appeal was taken from said judgment.

Plaintiffs moved for judgment for debts demanded in pleadings, and on motion the motion was continued. At Spring Term, 1895, motion was again continued before *McIver, Judge*. At May Special Term, 1895, case came on to be heard before *Bryan, Judge,* holding this court. May 2nd, 1895, plaintiffs moved, before Clerk of the Superior Court: "S. Preiss and J. Preiss, partners as Chesapeake Rubber Co., the plaintiffs above named, show the court: That a sufficient cause of action exists in their favor against the defendant E. Cohen, as set out in Articles XIV and XVI and XVII of the Complaint, and for the causes set out in Articles IV and XV and XVI of the sworn complaint in this action, which they ask to be taken as an affidavit for arrest, they move the court that an order of arrest for the said defendant be issued and that he be held to bail."

The order of arrest was issued by W. M. Watson, Clerk of the Superior Court. The defendant was arrested and gave bail for the sum of $1,000 on May 2nd, 1895. At said Special Term, June, 1895, *Bryan, Judge,* upon motion of defendant, E. Cohen, upon the record in the case, dissolved the order of arrest and made order releasing the bail of said defendant. From which the plaintiffs, S. and J. Preiss, appealed. Plaintiffs then moved for continuance of their motion for judgment until appeal could be heard.

Court proceeded to judgment from which plaintiffs also appealed.

Plaintiffs, S. and J. Preiss, assigned as error refusal to submit issues tendered, the order of discharge and dissolution of said order of arrest, and the refusal to continue motion until appeal is heard.

*Mr. W. D. McIver*, for plaintiffs (appellants).
*Messrs. W. W. Clark* and *O. H. Guion*, for defendants.

FAIRCLOTH, C. J.: This is a creditor's bill heard upon complaint and answer. The complaint alleges that defendant E. Cohen assigned his stock of goods on November 21, 1892, to defendant H. Donnenberg, with intent to defraud, delay and hinder his creditors, the plaintiffs. It also alleges that he purchased goods, &c., from the several plaintiffs, upon fraudulent misrepresentations. These several allegations are denied by the answer of defendants, except that they admit the purchases and the amounts due each plaintiff as alleged. At May term, 1894, the plaintiffs tendered an issue as to the assignment of E. Cohen to Donnenberg, and other issues as to the *bona fides* of the several purchases from the plaintiffs. The court refused to submit any of such issues to the jury, except the first as to the assignment and the plaintiffs excepted. A mistrial was had. At February term, 1895, the cause came on when the plaintiffs tendered the same issues and the court refused to submit any except one, to-wit: "Was the assignment of E. Cohen made with intent to hinder, delay or defraud creditors." The plaintiffs again excepted to the refusal to submit the issues tendered. The jury answered the issue submitted "No." Judgment was that all the defendants go without day, except E. Cohen and Sol. Cohen. No appeal was taken from said judgment.

Plaintiffs moved for judgments for the amount of their claims and on (their) motion, the motion was continued. At Spring term, 1895, the motion was again continued. On May 2nd, 1895, the plaintiffs on affidavit obtained an order from the clerk and caused E. Cohen to be arrested. No appeal from the above rulings of the court was ever prosecuted. At May special term, 1895, the case was again heard when his Honor adjudged that the order of arrest be discharged and that the defendant E. Cohen recover his costs incurred by reason of said arrest. Plaintiffs appealed and moved for a continuance of their motion until appeal is heard.

This review of the proceedings presents the question whether the plaintiffs had the right to have their several issues tendered, tried in this action, and to arrest the defendant on May 2, 1895. The refusal of the court to submit the issues tendered by plaintiffs and excepted to, was an adjudication against such right and subject to be reviewed by this Court, and became *res judicata* after the failure to prosecute an appeal therefrom. *Passour* v. *Lineberger*, 90 N. C., 159; *Wingo* v. *Hooper*, 98 N. C., 482. The ruling of the court against the right of the plaintiffs to submit their several issues of fraud to the jury in this action, involved the right of the plaintiffs to have the defendant arrested for the causes alleged in their complaint, and until that right was determined in their favor they had no right to arrest him as they did on May 2nd, 1895, because that would be taking two bites at the same cherry. The plaintiffs, when their summons issued, could have had defendant arrested by complying with *The Code* provisions in regard thereto, but did not elect to do so. When they tendered their several issues upon the pleadings, they raised the question of their right to arrest defendant for the causes stated in their complaint, which

was decided against them by his Honor, and they could proceed no further under Section 295 of *The Code*, and his Honor committed no error in discharging the order of arrest made on May 2, 1895.

The plaintiffs were under the misapprehension, that if they should enter judgments simply for the amount of their debts, which were not disputed, they would lose their right to ever arrest the defendant on the grounds set out in their complaint, by reason of *The Code*, Sec. 295. The words "before judgment," in that section, were treated by this Court in *Houston* v. *Walsh*, 79 N. C., 35, as *final* judgment, and final judgment in this action, we think, means a judgment upon the matters put in issue by the pleadings, about which there was earnest contention, and not a judgment merely for their debts, which were not in issue nor disputed.

If plaintiffs had prosecuted their appeal from the refusal of the court to submit the issues tendered, and successfully maintained their right to submit their issues, then their right to arrest defendant would have been established, and to proceed and try the truth of their allegations; and, if those issues were found in their favor, they could still have had the defendant arrested under Section 447 of *The Code*, by complying with that and Section 291. The judgments rendered at any time simply for the debts could not interfere with the course of the action or the rights of the parties in the matters in dispute on the questions of fraud. *Claflin* v. *Underwood*, 75 N. C., 485. Section 447 presupposes a judgment for the debt.

Article I, Section 16, of the Constitution, says, "There shall be no imprisonment for debt in this State except in cases of fraud." Now, in order to avoid a violation of this article of the Constitution, and at the same time protect honest creditors against dishonest debtors, it devolved upon

the Legislature, in cases of fraud, to enact such laws as are necessary, in its discretion, for arrest and imprisonment in proper cases, and to provide for all necessary proceedings in relation thereto. This it has done in *The Code*, Title 9, and other sections, and it then becomes the duty of the Court to interpret and ascertain the meaning of these enactments, which is a task not always free from difficulty.

If the defendant, after trial and execution, finds himself still under arrest, and cannot be relieved by motion for his discharge, he must seek his remedy under *The Code*, Section 2942, for the relief of insolvent debtors.

Judgment Affirmed.