LEDFORD v. EMERSON.

(Filed May 25, 1906).

*Evidence — Failure of Party to Testify — Comment of Counsel.*

1. In an action to recover plaintiff's share of the profits arising from the sale of certain options, where the plaintiff testified to the amount received by the defendant, gave the amount of expenses and amounts previously paid himself, and stated the balance due him from the defendant by reason of the transaction and gave data upon which the jury could come to their own conclusion as to the amount, an exception that there was no evidence offered from which any profits could be declared, cannot be sustained.

2. Where, in a civil suit, the principal facts were peculiarly within the knowledge of the parties and the plaintiff having testified, the failure of the defendant to testify was a legitimate subject of comment before the jury, subject to the legal control of the presiding judge and the fact that the defendant was voluntarily absent in violation of his bail bond, does not alter the case to his advantage.

ACTION by J. P. Ledford against A. S. Emerson, heard by *Judge Walter H. Neal,* at the November Term, 1905, of the Superior Court of CHEROKEE. From a judgment for the plaintiff, the defendant appealed.

*Busbee & Busbee* for the plaintiff.
*Dillard & Bell* and *Ben Posey* for the defendant.

*Per Curiam:* This case has been twice before the court recently on preliminary questions, 138 N. C., 502, and 140 N. C., 288, and is now before us on appeal from a final judgment obtained by the plaintiff against the defendant.

The plaintiff alleged and offered evidence tending to show that in the year 1900 the plaintiff had procured an option of 4,000 acres of land in Union and Towns Counties, Georgia, at the price of $100 per acre, afterwards increased to 6,500 acres at said price; that the defendant, having obtained information of this fact in October, 1900, informed the plaintiff that he could find a purchaser for the option if the plantiff would give him an interest in the margin or profits of any sale he could make, and the plaintiff and defendant then contracted and agreed that if the defendant could find a purchaser, they would divide the profits equally, the defendant paying expenses; that the defendant afterwards sold the option for $10,000, receiving the money therefor, and the plaintiff's share of the proceeds, less expenses and amounts already paid the plaintiff, amounted to $4,400, with interest from April 1, 1903. The issue submitted and responded to by the jury was as follows: "In what amount, if any, is the defendant indebted to the plaintiff by reason of the matters alleged in the complaint? $4,225 and interest thereon from May 1, 1903."

There were two exceptions urged upon our attention on the argument: 1. That there was no evidence offered from which any profits could be declared. 2. That counsel was allowed to comment on the fact that the defendant did not testify at the trial. Neither, we think, can be sustained.

The plaintiff testified to the amount received by the defendant, gave the amount of expenses and amounts previously paid himself, and stated that the balance now due him

from the defendant by reason of the transaction was $4,400, with interest from April, 1903. The witness not only made this definite statement, but gave the data upon which the jury could come to their own conclusion as to the amount, which they did, as shown by the verdict.

The second objection, we think, is equally untenable. The principal facts attending the transaction were peculiarly within the knowledge of the plaintiff and defendant, and this being a civil suit and the plaintiff having given his version favoring his claim, the failure of the defendant to testify was a legitimate subject of comment before the jury, subject to the legal discretion and control of the presiding judge. *Goodman v. Sapp,* 102 N. C., 477; *Hudson v. Jordan,* 108 N. C., 10. Nor do we think the fact that the defendant was absent in Europe alters the case to his advantage. So far as appears he was voluntarily absent.

The testimony of the plaintiff tended to fix the defendant with fraud in the matter. The defendant had been arrested on these allegations and was then absenting himself in violation of his bail bond made by order in the cause. These allegations of fraud and evidence concerning them had therefore been in existence and placing long enough to inform the defendant that these charges were made against him and would likely be testified to at the trial, and his voluntary absence and failure to testify or have his deposition taken, were therefore a fair subject of comment.

There is no error and the judgment below is
Affirmed.