This is a petition for a habeas corpus by the defendant, in which he asks to be discharged from an arrest made by the (528) Sheriff under an execution against his person issued in the above-entitled case, heard by W. R. Allen, J., at chambers, on 6 August, 1906, and he was discharged.
It is alleged that the parties were equal partners in a transaction by which in 1900 and 1901 they secured options for the purchase of certain land situated in the State of Georgia, which defendant took in his own name for their joint use and benefit and which were renewed from time to time. The defendant sold the options for $10,000 in 1903, concealed the real amount of the proceeds of the sale and paid the plaintiff only $250, falsely stating to him at the time that the said sum represented his share of the proceeds, and upon the faith of that statement the plaintiff accepted the $250 and gave his receipt for the same in full satisfaction of his share. A much larger amount was due, and this action was brought to recover the balance. The plaintiff filed an affidavit alleging the above facts, and obtained an order of arrest under which the defendant was taken in custody. He moved to vacate the order, and his motion was allowed byNeal, J., 28 October, 1905. An appeal was taken to this Court by the plaintiff, and at Fall Term, 1905, the ruling was reversed and the case remanded, 140 N.C. at page 288, to which we refer for greater certainty. The case was before us on a prior appeal, 138 N.C. 502, and again before us at the last term, 141 N.C. 596, but not upon matters specially germane to the questions now involved.
The issue submitted to the jury and the answer thereto were as follows: "In what amount, if any, is the defendant indebted to the plaintiff by reason of the matters alleged in the complaint? Ans.: $4,225, with interest from 1 May, 1903." The Court adjudged simply that the plaintiff recover of the defendant the said sum and his costs, to be taxed by the Clerk. The execution on this judgment against the property of the defendant having been returned unsatisfied, the Clerk, (529) without any order from the Court, issued an execution against the person of the defendant under which he was arrested and afterwards discharged by Judge Allen as above stated. From the order discharging him, the plaintiff appealed.
The plaintiff alleges that the *Page 400 
defendant collected the proceeds of the sale of the options, which amounted to $10,000, and that his share was one-half or $5,000, from which was to be deducted the sum of $600 due by the plaintiff on the settlement, leaving $4,400 the clear balance coming to the plaintiff as his share of the profits. So far the complaint shows only an indebtedness by the defendant to the plaintiff arising out of contract. But he further alleges that while he consented that the options might be taken in the defendant's name, upon the assurance of the latter that it would facilitate the sale of the land and would not affect the stipulation as to the equal division of the profits, yet he now believes that all this was done with the intent to cheat and defraud him, and that the sale of the options by the defendant without the knowledge of the plaintiff and without disclosing the fact to him was made with a like intent, and further that the false representation by which he procured the receipt for $250 was also fraudulent and made in furtherance of the original and continuing intent to deprive the plaintiff of his just and equitable share of the profits, the plaintiff being at the time the defendant got the receipt an illiterate man. The plaintiff took a judgment for the amount due him as his share of (530) the profits and interest from 1 May, 1903, the time they were received by the defendant, upon an issue which finds that the defendant is "indebted" to him in that amount, "by reason of the matters alleged in the complaint."
We have already held (140 N.C. 288) that the defendant could be arrested under an ancillary order and committed unless he should give an undertaking conditioned, as provided by the statute, to render himself amenable to the process of the Court during the pendency of the action and to such as may be issued to enforce the judgment. But this is quite a different thing from imprisoning him under final process until he pays the debt or otherwise discharges himself from custody. The only provisions of the law relating to arrest and bail which can have any possible bearing on this case are substantially as follows: A defendant may be arrested where, as factor, agent, broker or fiduciary, he receives money or property and embezzles or fraudulently misapplies it, or where he is guilty of fraud in contracting the debt or incurring the obligation for which he has been sued, or when the action is brought to recover damages for fraud or deceit. Revisal, sec. 727. It is provided that an execution against the person of the judgment debtor shall not be issued, unless an order of arrest has been served, as provided by law, or unless the complaint contains a statement of facts showing one or more of the causes of arrest enumerated in the statute, "whether such statement of facts be necessary to the cause of action or not." Revisal, sec. 625.
The Constitution provides that "there shall be no imprisonment for debt in this State, except in cases of fraud." Art. I, sec. 16. This, we *Page 401 
think, clearly means that there shall at least be no imprisonment to enforce the payment of a debt under final process, unless it has been adjudged, upon an allegation duly made in the complaint and a corresponding issue found by a jury, that there has been fraud. Whether the fraud to which that section refers is one that is committed in (531) contracting the debt, or extends to one that is collateral to it, such as the fraudulent concealment or disposition of property to evade the payment of the debt, is a question we need not now consider, though discussed by counsel. Whatever may be the nature of the fraud, it must be alleged and proved as any other issuable fact, and it is safer and between that when it is found by the jury to exist, it should be recited in the judgment, with a proper order or direction as to the issuing of executions to enforce it. The defendant is entitled in any event to have a finding by the jury upon this important allegation, before there can be any judgment that will warrant the issuing of an execution against his person.
In regard to this question, we adopt the view taken by the Court inDavis v. Robinson, 10 California, 411, where Field, J., (since a Justice of the United States Supreme Court), said: "There is no doubt as to the correctness of the position that the execution must be warranted by the judgment. It rests upon and must follow the judgment; if it exceeds the judgment, it has no validity. To authorize, therefore, an arrest on execution, the fraud must be stated in the judgment, for the writ issues, in the language of the statute, in the `enforcement' of the `judgment.' Nor do we entertain any doubt that the question of fraud must be submitted to the jury, except so far as may be necessary to authorize the arrest pending the action. To justify execution against the person, which may be followed by imprisonment, an issue must be framed, and be determined like issues of fact raised upon the pleadings. Fraud is an offensive involving moral turpitude, and is followed by imprisonment not merely as a means of enforcing payment, but also as a punishment, and it would indeed be strange if on a mere question of indebtedness the right to a trial by jury should be held sacred and inviolate, and yet such trial be denied upon a question involving a possible loss of character and (532) liberty. We should hesitate long before we held that this latter question could be tried upon affidavits where the accuser is also a witness, where the affidavits are not present, and no cross-examination of witnesses is allowed. We are aware of decisions in other States holding a different view, but we do not find sufficient reasons advanced in them to induce us to deny what we cannot but regard as the clear right of the party accused." And again: "The arrest upon affidavit is only intended to secure the presence of the defendant until final judgment; and in order to detain and imprison his person afterwards, the fraud must be alleged in the complaint, be passed upon by the jury, and be stated in *Page 402 
the judgment." It is also said: "By requiring the charges to be stated in the complaint the rights of the defendant will be fully guarded. He can then meet the charges, and have a fair opportunity of defending himself by a trial before a jury." There was no appropriate issue submitted in this case upon the alleged fraudulent conduct of the defendant, and we cannot hold that the general issue submitted embraced the matters relating to it. As soon as the money was paid by the purchaser of the options to the defendant, he immediately became indebted to the plaintiff for the amount of his share, and his subsequent conduct did not add one penny to that indebtedness, nor did it in law increase, in the slightest degree, the obligation to pay it. The debt has continued the same to this time, notwithstanding any of the alleged dishonest acts and practices of the defendant. So that when the jury found that he was indebted to the plaintiff "by reason of the matters alleged in the complaint," they referred, or at least must be presumed to have referred, of course, to those matters only which were necessary to constitute a cause of action for the recovery of the debt, and they were the transactions between the parties prior to the payment of the money to and the receipt of the money (533) by the defendant for the plaintiff's use. This was fully sufficient to raise the implied promise to pay to the plaintiff his part of the proceeds, if there was not already an express one to do so. The allegations of fraud were therefore extrinsic to the cause of action, and it should not be supposed that the jury, under an issue so framed, passed upon the alleged fraud; and they not having made any special finding of fraud, a personal execution should not have issued upon the judgment.Claflin v. Underwood, 75 N.C. 485; Preiss v. Cohen,117 N.C. 54.
There should be a separate and distinct issue submitted to the jury as to any fraud alleged, unless the cause of action is of such a nature that the questions of debt and fraud can be tried in one issue, so as to have a clear and intelligible finding as to each of them. Such a case will rarely, if ever, be presented, but we do not at the present undertake to say that an issue in that form would not be proper. It is better practice, though, to have the fraud found as a fact, under an issue by itself, or separate from that as to the debt. We think the dictum in Peebles v. Foote,83 N.C. 102, that if there is an allegation of fraud in the complaint and a judgment for the debt, it will authorize an execution against the person if the complaint is duly verified, without any finding of fraud, and judgment thereon, was virtually disapproved in Stewart v. Bryan, 121 N.C. at p. 50, where Furches, J., for the Court says: "It will not do to carry the doctrine of Peebles v. Foote under section 447 of The Code, as amended by the Act of 1891, to the extent contended for in the argument of plaintiff — that, because there is an allegation in the complaint, this fact entitles the plaintiff to an execution against the body of the *Page 403 
defendant, whether the plaintiff recovered a judgment against the defendant or not. To sustain this position would be in effect to nullify the Constitution." That case seems to sustain the view we have taken herein, that the Constitution requires that there shall be no imprisonment for the enforcement of a debt, unless where the fraud (534) has been adjudged upon an issue properly submitted to the jury. It was there held that a mere allegation of fraud, in a verified complaint, was not sufficient, where the judgment was simply for a debt. The cases cited by the plaintiff's counsel are not in point. Kinney v. Laughenour,97 N.C. 325, did not involve a question of fraud, but a different cause of action, for which an arrest could be made. An order of arrest had been served before judgment, and the jury found the necessary facts to authorize an execution against the person to issue upon the judgment.Pasour v. Lineberger, 90 N.C. 159, and Wingo v. Hooper,98 N.C. 482, merely decide that, at that time, the defendant was not entitled to a jury trial upon the questions of fact raised by the affidavits upon which the orders of arrest issued, and that the denial of a motion to vacate, if not reversed, is res judicata.
The constitutional right of trial by jury shields the defendant from arrest under an execution against his person unless, in actions of debt, an issue of fraud has been found against him and a judgment entered in conformity therewith. We so hold, and must refuse to follow Patton v.Gash, 99 N.C. 280, if in conflict with our views, or any expressions to the contrary, if there are such, in prior cases. If this right of trial by jury exists where his property, however small its value may be, is involved, with much greater reason is it guaranteed where the liberty of the citizen is imperiled. The provision of the Revisal, sec. 735, does not bear on the case, as it applies only to an issue, so called, which is raised by a denial of the facts stated in the affidavit, upon which the order of arrest is based and which is ancillary to the principal cause of action. In such a case the defendant may demand a jury trial, but where an issue of fraud is raised by the pleadings, the plaintiff must take the burden and he must establish the fact of fraud before he can be entitled to an execution against the person of the defendant. (535)
We conclude this branch of the case with the language of Pearson, C. J., in Claflin v. Underwood, 75 N.C. 486: "We concur with his Honor in the conclusion that the defendant could not lawfully be arrested and imprisoned under a writ of capias ad satisfaciendum, for the reason that the issue of fraud had not been tried. By the Constitution no person can be imprisoned for debt except in cases of fraud. No case of fraud had been proved against the petitioner." We also refer to Merritt v. Wilcox, 52 Cal. 238, andPayne v. Elliott, 54 Cal. 339, where the subject is discussed and the conclusion we have reached is fully vindicated. *Page 404 
As our opinion is against the plaintiff in this appeal, it is not imperative that we should decide the question, whether an appeal is the proper remedy for the review of the Judge's decision upon the habeascorpus or whether the matter should have been brought before us by acertiorari. The question was not much pressed upon our attention, and we advert to it merely for the purpose of suggesting that a careful amendment of the statute relating to proceedings in habeas corpus
with a view of affording a speedy and effective method of reviewing such proceedings in this Court would tend often to promote justice by simplifying the remedy and facilitating its use. It should, of course, be done cautiously so as not to defeat the object of the law in other respects, or to delay its administration in the courts. For the purpose of reaching the merits of the case and deciding upon them, we may at least treat this proceeding as in the nature of a motion in the cause to recall the execution and to discharge the defendant, the denial of which motion would be reviewable by appeal. Such a motion was made and entertained in Houstonv. Walsh, 79 N.C. 36, and the procedure recommended as an appropriate one. The plaintiff surely has no reason to object to this view being (536) taken of the matter, as it is done for his benefit and so that he may be heard, if his appeal was improper.
It would seem that habeas corpus will lie where it appears from the judgment roll that the Court had no jurisdiction to issue an execution against the person. 17 Cyc., 1520; 21 Cyc., 324; Claflin v. Underwood,75 N.C. 485; Houston v. Walsh, 79 N.C. at p. 41. The statute forbids the use of the writ only where the person applying for it has been committed or is detained by virtue of the final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction, or of an execution issued thereon. Revisal, sec. 1822. We see, therefore, that it must be a competent court and it must have had jurisdiction to proceed against the person committed.
This disposes of the plaintiff's appeal in this case adversely to his contention.
No Error.
PLAINTIFF'S APPEAL.