The question involved in this case was not before the court in the case of *Jones* v. *Lucas Co.* (*Comrs.*) 57 Ohio St. 189 [48 N. E. Rep. 882; 63 Am. St. Rep. 710], and that case has no bearing upon it.

For these reasons I do not think an injunction should be allowed.

---

## JUDGMENTS AND DECREES—MOTIONS AND ORDERS.

[Cuyahoga (8th) Circuit Court, December 9, 1907.]

Winch, Henry and Marvin, JJ.

COSIMO CATALANO V. SALVATORE AMATO.

RES ADJUDICATA APPLIED TO MOTIONS.

A motion to vacate an order of arrest before judgment, having been once heard and refused, is *res adjudicata.*

[Proof of this decision and syllabus was submitted to Judge Winch and corrected.]

ERROR to Cuyahoga common pleas court.

**Klein & Harris,** for plaintiff in error:

Cited and commented upon the following authorities: *Mengert* v. *Brinkerhoff,* 67 Ohio St. 472 [66 N. E. Rep. 530]; *Wingo* v. *Hooper,* 98 N. C. 482 [4 S. E. Rep. 463]; *Lovell* v. *Martin,* 21 How. Pr. (N. Y.) 238; *State* v. *Downs,* 8 Ind. 42; *Claflin* v. *Einstein,* 6 W. N. C. (Pa.) 398; *Lewis* v. *Pratt,* 11 Minn. 57; *Warner* v. *Kalb,* 15 Mo. App. 600; *Young* v. *Cooper,* 12 Neb. 610 [12 N. W. Rep. 91]; *Askwith* v. *Allen,* 33 Neb. 418 [50 N. W. Rep. 267]; *Freeman* v. *Leland,* 2 Abb. Pr. (N. Y.) 479; *Lovell* v. *Martin,* 11 Abb. Pr. (N. Y.) 126; *Harding* v. *Shannon,* 20 How. Pr. (N. Y.) 25; *Dale* v. *Jacobs,* 41 How. Pr. (N. Y.) 94; *Wells* v. *Selling,* 53 How. Pr. (N. Y.) 35; Shinn, Attachment Sec. 125; Kneeland, Attachment Sec. 357; Smith, Fraud Secs. 262, 263, 298; *Chamberlin* v. *Fuller,* 59 Vt. 247 [9 Atl. Rep. 832]; *McDonald* v. *Smith,* 139 Mich. 211 [102 N. W. Rep. 668]; *Wright* v. *Stewart,* 130 Fed. Rep. 905; *Cary* v. *Hotailing,* 1 Hill. (N. Y.) 311 [37 Am. Dec. 323]; *Erfort* v. *Consalus,* 47 Mo. 208; *Lane* v. *Kingsberry,* 11 Mo. 402; 1 Greenleaf, Evi-

dence (16 ed.) Par. 14Q; *King* v. *Hopkins*, 7 Circ. Dec. 362 (13 R. 305); *American Hosiery Co.* v. *Baker*, 10 Circ. Dec. 219 (18 R. 604); *Wilmot* v. *Lyon*, 49 Ohio St. 296 [34 N. E. Rep. 720]; *Luhrig Coal Co.* v. *Ludlum*, 69 Ohio St. 311 [69 N. E. Rep. 562; 100 Am. St. Rep. 675].

**Hobday & Quigley**, for defendant in error.

**WINCH, J.**

The defendant in this case was arrested on an order of arrest before judgment issued out of the common pleas court, on the affidavit of the plaintiff, on February 7, 1907.

On April 4, 1907, the defendant filed his motion to vacate said order of arrest, basing his motion upon the instituting of proceedings by plaintiff to replevin the goods sued for in this action. This motion was overruled.

On April 23, 1907, the defendant made application for leave to file another motion to vacate the order of arrest, in which he says:

"Defendant asks for leave to make the above motion and to be heard on the same on the ground that the motion to vacate the order of arrest before judgment and release and discharge bail, which by this court has been dismissed, was a motion in which it was not sought to, and no attempt was made to traverse or deny any of the facts or allegations constituting the grounds of arrest in plaintiff's said alias affidavit for order of arrest, but that in said motion defendant set up that plaintiff was barred and estopped from bringing the above cause of action by virtue of an alleged election between two inconsistent remedies."

This application was granted and on April 30, 1907, the defendant filed his second motion, basing it upon the untruthfulness of the affidavit for the order of arrest.

This motion was heard and granted and the defendant discharged, to all of which plaintiff excepted, and has brought said order here for review upon transcript and bill of exceptions.

In this court it is claimed that said order complained of is erroneous for three reasons, first, because a former motion to vacate the order of arrest having been overruled, the matter was *res adjudicata*, not open for review except by motion for new trial or proper proceedings in error; second, because the defendant being out on bail, he had no right to file the motion, and third, because the judgment was against the weight of the evidence.

We do not find it necessary to consider the last two assignments of error, for we think that the first point is well taken and that the trial court erred in entertaining the second motion.

### Catalano v. Amato.

The proceedings here had were for the attachment of the body of the defendant and are analogous to proceedings in attachment of a debtor's goods and must be subject to the same rules. Such proceedings, though ancillary to the main case, are conclusive upon the parties the same as other final orders. *Garner* v. *White*, 23 Ohio St. 192; *Young* v. *Gerdes*, 42 Ohio St. 102; *Strauss* v. *Cooch*, 47 Ohio St. 115 [24 N. E. Rep. 1071].

Such being the case there appears no good reason why the rule laid down in the case of *Mengert* v. *Brinkerhoff*, 67 Ohio St. 472 [66 N. E. Rep. 530], should not be applied. That rule is as follows:

"A defendant in an action is required to plead all the defenses he has, and in a subsequent action he will be concluded as to all such defenses, even though he failed to plead some of them in the former action."

This conclusion is in accord with the views expressed by Van Fleet in his work on Former Adjudication, see pages 96 and 99. Justice Brewer, when on the supreme court of Kansas, expressed an opinion that motions might sometimes be renewed upon leave of court. The case referred to is *Adams* v. *Lockwood*, 30 Kan. 373 [2 Pac. Rep. 626], the syllabus of which is as follows:

"After a motion has been heard and overruled, the moving party has no right to file a second motion for the same relief upon grounds existing at the time the prior motion was made and decided. It can only be done upon leave of the court, which should rarely be granted."

If there is any such discretion in the trial judge, clearly it was abused in this case, for the second motion is based entirely upon a denial of the allegations in the affidavit for arrest, that the debt was fraudulently contracted. There can be no excuse for failure to set up such ground in the first motion, for there was nothing new about it or beyond his knowledge from the beginning. The case of *Wingo* v. *Hooper*, 98 N. C. 482 [4 S. E. Rep. 463], is squarely in point. In that case it was held:

"A motion to vacate an order of arrest, having been once heard and refused, is *res adjudicata*.

So it seems that we are not without authorities sustaining the principle here announced, though we are aware that the courts of New York are not in strict accord with our conclusions.

For error in granting the second motion to vacate the order of arrest, said judgment is reversed and vacated and the cause is remanded with instructions to overrule said motion.

**Henry** and **Marvin, JJ.,** concur