RUTH HOWIE v. HENRY SPITTLE by His Guardian ad Litem.

(Filed 4 October, 1911.)

**Appeal and Error—Injury to Person—Execution on Person—Insolvent Debtor's Oath—Habeas Corpus—Valid Discharge—Final Judgment—Bond to Stay Execution—Bail.**

Judgment being rendered by a court of competent jurisdiction against the defendant in a certain sum for an injury committed to person of the plaintiff—a tort—who appealed without giving bond to stay execution: *Held*, (1) upon the return of execution against defendant's property unsatisfied, an execution upon the person may issue (Revisal, 625, 727) ; (2) filing an inventory of his property, etc. (Revisal, sec. 1905), will not exempt the defendant from arrest; (3) the execution can only be stayed by giving a bond securing the judgment (Revisal, 598) ; (4) the writ of *habeas corpus* cannot be successfully sued out (Revisal, 1822, subsec. 2; (5) to obtain the benefits of the provisions of Revisal, 1930 to 1933, the defendant must show a valid discharge from imprisonment; (6) bail cannot be given to release the defendant pending his appeal in lieu of the bond to stay execution.

Appeal from *Ferguson, J.,* at the August Term, 1911, of Union.

In the matter of *habeas corpus* sued out by the defendant, Henry Spittle, heard by his Honor, *Judge Ferguson,* who denied the writ and remanded the petitioner to jail. The prisoner applied for a writ of *certiorari* to review the action of the judge. In obedience to the writ the record is docketed in the Supreme Court.

The following is the order sought to be reviewed:

"The above guardian *ad litem* having filed his petition that his ward be discharged from the custody of the Sheriff of Union County, and upon said petition being heard, and it appearing to the court that the action was for tort, and that final judgment was rendered at the August Term of Union Superior Court, in which judgment it was provided for execution to issue against the property of said Henry Spittle, and if the judgment could not be collected by execution against his property, that execution should issue against the person of the said Henry Spittle, the execution against the property having been re-

turned, showing that no property of the said Henry Spittle could be found subject to such execution, execution issued against the person, by reason of which and the said final judgment the Sheriff of Union County has the said Henry Spittle in custody in the common jail of Union County. The court is of the opinion that it has not the power under law to grant the writ of *habeas corpus,* whether prayed for by the guardian *ad litem* or the said Henry Spittle. The petitioner excepts and appeals to the Supreme Court. The petitioner prays the court to grant bail pending the appeal to the Supreme Court. The court is of the opinion that under the law it has not the power to grant bail, to which the petitioner excepts and appeals to the Supreme Court."

*Williams, Lemmond & Love for petitioner.*
*Stack & Parker contra.*

BROWN, J. The petitioner is the defendant in a civil action brought against him by Ruth Howie for an injury to her person, a tort, according to the complaint. Upon issue joined, she obtained a verdict and judgment for $250. The petitioner appealed to the Supreme Court, which appeal has not yet been heard. He gave no bond to stay execution, so an execution was issued against his property, which was returned unsatisfied. An execution was issued against his person, under which he was taken into custody and confined in the jail of Union County. Before he was arrested he filed an inventory of his property and a list of his creditors as provided by section 1930, Revisal 1905, and attached his affidavit thereto and asked to be exempt from arrest.

We will not review the correctness of the judgment rendered, nor consider the exceptions taken on the trial. They will be passed upon and the assignments of error considered when the appeal is heard.

The only question we can now consider is as to the jurisdiction of the court to render the judgment and issue the final process under which the petitioner has been arrested.

The cause of action, as set out, is an injury to the person of the plaintiff in the execution, which is a tort, and under

Revisal, secs. 625 and 727, when an execution against property is returned unsatisfied an execution against the person may issue upon such judgment.

When the appeal was taken the law provides but one method of staying execution, and that is by giving a bond securing the judgment. This the petitioner has failed to do. Revisal, sec. 598, and cases cited. The Superior Court had complete jurisdiction to render the judgment, and therefore the petitioner is imprisoned under the final process of a court of competent jurisdiction. Under such conditions the writ of *habeas corpus* may not successfully be sued out. The statute forbids it. Revisal, sec. 1822, subsec. 2; *Ledford v. Emerson,* 143 N. C., 536.

The petitioner contends that he is entitled to his discharge under the insolvent debtor's law.

There are two methods provided in the Revisal for the discharge of insolvent debtors. One relates to those under arrest. Section 1920 *et seq.* The other relates to defendants in civil actions not under arrest. Section 1930 *et seq.*

The petitioner was not under arrest when he filed his petition, and there is nothing in the record to show that he has complied with the provisions of sections 1930 to 1933. To avail himself of that act he must show a valid order of discharge from imprisonment under sections 1932 and 1933. It is not claimed that he has complied with sections 1920 to 1929. We agree with the judge below, that the petitioner is not entitled to give bail pending his appeal to this Court in the civil action, but he may give bond to stay execution. There is no provision of law authorizing bail in lieu of such bond, although there is a provision for his giving bail before the Clerk of the Superior Court of Union County during the pendency of and until the final determination of the proceedings under the insolvent debtor's act. Revisal, sec. 1936.

The judgment is

Affirmed.